**FILED**

DEC - 5 2007

CLOSED

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

LEONARD C. GLENN,

               Plaintiff,

        v.

SHEILA C. BAIR, et al.,

               Defendants.

**Civil Action No. 07-1691 (SRC)**

**OPINION & ORDER**

Case: 1:07-cv-02195
Assigned To : Urbina, Ricardo M.
Assign. Date : 12/5/2007
Description: Employ. Discrim.

**CHESLER**, District Judge

This matter comes before the Court upon the motion to dismiss or transfer venue filed by

Defendants Sheila C. Bair and the Federal Deposit Insurance Corporation ("FDIC") [docket item

# 7]. The Court has considered the parties' submissions in support of and in opposition to this

motion. Pursuant to Federal Rule of Civil Procedure 78, it rules on the motion based on the

papers submitted. For the reasons that follow, the Court grants Defendants' motion and transfers

this action to the United States District Court for the District of Columbia.

**I.** **BACKGROUND**

On or about April 9, 2007, Plaintiff Leonard C. Glenn filed a Complaint in this Court

alleging that he was denied a position with the FDIC in Washington, D.C. because of his age and

in retaliation for engaging in protected activity within the meaning of Title VII. Plaintiff, who

has been employed with the FDIC in various positions since 1975, applied for a Special

Activities Review Examiner position on June 23, 2004. The position would have called for Plaintiff to work at the FDIC's headquarters in Washington, D.C. On August 23, 2004, Lisa Arquette, the Selecting Official for the Review Examiner position, notified Plaintiff that he had not been selected.

Plaintiff's Complaint asserts two causes of action based on the FDIC's failure to select him for the Review Examiner position. It pleads a claim under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, et seq., alleging that Defendants did not select him on the basis of age. The Complaint also claims that Plaintiff was denied the position in retaliation for complaining about discriminatory treatment of African-Americans and for his involvement in an Equal Employment Opportunity case. These allegations form the basis of Plaintiff's second cause of action, for violation of the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a).

Defendants filed the instant motion to dismiss or, in the alternative transfer venue, on or about June 26, 2007. They argue that the only proper venue for this Title VII case is the District of Columbia. They also seek dismissal of the FDIC as a party defendant. Plaintiff concedes that the FDIC is not a proper defendant in this matter. Thus, the Court will address only the portion of Defendants' motion requesting a transfer of venue.

## II.    DISCUSSION

"[C]ourts have consistently held that when ADEA claims are presented simultaneously with an ADA or Title VII claim, the lawsuit must be filed in the judicial district where venue is proper for both claims." Albright v. W.L. Gore & Assocs., Inc., No. 02-304, 2002 WL 1765340,

2

at *4 (D. Del. July 31, 2002); Kravitz v. Inst. for Int'l Research, Inc., No. 92-5045, 1993 WL 453457, at *3 (E.D. Pa. Nov. 5, 1993). Although the general venue statute, 28 U.S.C. § 1391, governs ADEA claims, Title VII claims are subject to their own, more restrictive venue provisions. Rojas v. Trans States Airlines, 204 F.R.D. 265, 267 (D.N.J. 2001). According to the relevant provisions of Title VII, an action under the statute for employment discrimination may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

42 U.S.C. § 2000e-5(f)(3).

Defendants are correct that the District of New Jersey does not satisfy any of the criteria specified by the statute. The unlawful employment practice of which Plaintiff complains was allegedly committed in Washington, D.C. This is the location where the applications for the Review Examiner position were considered and the candidates were selected. According to the Declaration submitted by Lisa Arquette, the Selecting Official for the position, the decision-making process occurred in Washington, D.C. Her Declaration also asserts that the records relating to the selection process are maintained in Washington, D.C. But for the alleged unlawful employment practice, Plaintiff would have worked as a Review Examiner in Washington, D.C.

Plaintiff's argument in opposition to the motion relies on Passantino v. Johnson & Johnson Consumer Products, Inc., a Ninth Circuit decision which held that venue under Title VII

3

is proper "both in the forum where the employment decision is made and the forum in which that decision is implemented or its effects are felt." 212 F.3d 493, 506 (9th Cir. 2000). This Court finds that <u>Passantino</u>'s holding is at odds with the plain language of 42 U.S.C. § 2000e-5(f)(3), which simply does not support venue in the District of New Jersey. Moreover, Plaintiff's argument based on the principle of pendent venue is unavailing. "[T]he principle of pendent venue . . . provides that proper venue as to one claim will support adjudication of any other claim as long as the claims amount to a single cause of action." <u>Archuleta v. Sullivan</u>, 725 F.Supp. 602, 605-06 (D. D.C. 1989). Even assuming venue is proper in New Jersey for the ADEA claim under 28 U.S.C. § 1391, the ADEA claim and the Title VII claim concern different alleged wrongdoing by Defendants. The ADEA claim is based on discrimination against Plaintiff due to his age, while the Title VII claim is based on retaliation against Plaintiff for having engaged in protected conduct. The claims cannot be characterized as forming a single cause of action.

The Court concludes that, pursuant to Title VII's venue provision, this action should have been brought in the United States District Court for the District of Columbia. Moreover, the general venue statute supports laying venue to the ADEA claim in the District of Columbia.[1] <u>Rojas</u>, 204 F.R.D. at 267 ("Generally, venue must be established for each cause of action.")

---

[1] The relevant provision of the venue statute states that a civil action may be brought in

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

4

Thus, this Court finds that transfer of this action, as authorized by 28 U.S.C. 1406(a),[2] to the

United States District Court for the District of Columbia is warranted.

Accordingly, for the foregoing reasons, **IT IS** on this 14th day of September, 2007,

**ORDERED** that Defendants' motion to transfer venue [docket item no. 7] be and hereby

is **GRANTED**; and it is further

**ORDERED** that this action be and hereby is **TRANSFERRED** to the United States

District Court for the District of Columbia; and it is further

**ORDERED** that this case is **CLOSED**.

             s/ Stanley R. Chesler
             STANLEY R. CHESLER
             United States District Judge

I HEREBY CERTIFY that the above and
foregoing is a true and correct copy of
the original on file in my office

ATTEST:
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By _____
             Deputy Clerk

---

[2] "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

```
MIME-Version:1.0
From:njdefiling@njd.uscourts.gov
To:ecfhelp@localhost.localdomain
Bcc:allan.urgent@usdoj.gov, allanurgent@yahoo.com, hpordy@spivak-lipton.com,
njdnef_Chesler@njd.uscourts.gov, njdnef_cecchi@njd.uscourts.gov,
njdnefarbn@njd.uscourts.gov
Message-Id:<2210536@njd.uscourts.gov>
Subject:Activity in Case 2:07-cv-01691-SRC-CCC GLENN v. BAIR et al Order on Motion
to Dismiss
Content-Type: text/html
```

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

### U.S. District Court

### District of New Jersey [LIVE]

## Notice of Electronic Filing

The following transaction was entered on 9/14/2007 at 10:40 AM EDT and filed on 9/14/2007
**Case Name:**        GLENN v. BAIR et al
**Case Number:**      2:07-cv-1691
**Filer:**
**WARNING: CASE CLOSED on 09/14/2007**
**Document Number:**  13

**Docket Text:**
OPINION & ORDER granting [7] Motion transferring action to the USDC for the District of Columbia. Signed by Judge Stanley R. Chesler on 9/14/07. (sr, )

**2:07-cv-1691 Notice has been electronically mailed to:**

HOPE A. PORDY     hpordy@spivak-lipton.com

ALLAN B.K. URGENT     allan.urgent@usdoj.gov, allanurgent@yahoo.com

arbnwk     njdnefarbn@njd.uscourts.gov

**2:07-cv-1691 Notice will not be electronically mailed to::**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1046708974 [Date=9/14/2007] [FileNumber=2210534-0 ] [38064c53b78290333b1c649ccf8017c7625b8deefcc9ab9cb4b17e4ef0e30a90bc5 8befe67be52f9088f3f52e925565eb68d7e4e70b54dc272ffaae4d5b25219]]

12BR, ARBITRATION, CLOSED, RULE16

## U.S. District Court
### District of New Jersey [LIVE] (Newark)
### CIVIL DOCKET FOR CASE #: 2:07-cv-01691-SRC-CCC
### Internal Use Only

GLENN v. BAIR et al
Assigned to: Judge Stanley R. Chesler
Referred to: Magistrate Judge Claire C. Cecchi
Cause: 29:621 Job Discrimination (Age)

Date Filed: 04/09/2007
Date Terminated: 09/14/2007
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**LEONARD C. GLENN**                       represented by **HOPE A. PORDY**
                                                          SPIVAK, LIPTON
                                                          1700 BROADWAY
                                                          21ST FLOOR
                                                          NEW YORK, NY 10019
                                                          212-765-2100
                                                          Email: hpordy@spivak-lipton.com
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*


V.

**Defendant**

**SHEILA C. BAIR**                         represented by **ALLAN B.K. URGENT**
*Chairman, FEDERAL DEPOSIT*                               OFFICE OF THE US ATTORNEY
*INSURANCE CORPORATION*                                   970 BROAD STREET
                                                          SUITE 700
                                                          NEWARK, NJ 07102
                                                          (973) 645-2700
                                                          Email: allan.urgent@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*


**Defendant**

**FEDERAL DEPOSIT INSURANCE**              represented by **ALLAN B.K. URGENT**
**CORPORATION**                                           (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|------------|---|-------------|
| 04/09/2007 | 1 | COMPLAINT against SHEILA C. BAIR, FEDERAL DEPOSIT |

| | | INSURANCE CORPORATION ( Filing fee $ 350 receipt number 1429930.) JURY DEMAND, filed by LEONARD C. GLENN. (Attachments: # 1 Civil Cover Sheet # 2 COVER LETTER)(ld, ) (Entered: 04/11/2007) |
|---|---|---|
| 04/09/2007 | ● | CASE REFERRED to Arbitration. (ld, ) (Entered: 04/11/2007) |
| 04/11/2007 | ●2 | Summons Issued as to SHEILA C. BAIR, FEDERAL DEPOSIT INSURANCE CORPORATION.Days Due - 60. MLD TO COUNSEL 4/11/07 (ld, ) Additional attachment(s) added on 4/12/2007 (ld, ). (Entered: 04/11/2007) |
| 04/20/2007 | ●3 | Summons Issued as to FEDERAL DEPOSIT INSURANCE CORPORATION.Days Due - 60.MLD TO COUNSEL 4/20/07 (ld, ) (Entered: 04/20/2007) |
| 05/08/2007 | ●4 | CERTIFICATE OF SERVICE by LEONARD C. GLENN re 2 Summons Issued, 1 Complaint *to Sheila C. Bair, Chairman, FDIC* (PORDY, HOPE) (Entered: 05/08/2007) |
| 05/08/2007 | ●5 | CERTIFICATE OF SERVICE by LEONARD C. GLENN re 3 Summons Issued, 1 Complaint *to Office of the U.S. Attorney General, U.S. Dept. of Justice and U.S. Attorney's Office for District of N.J.* (PORDY, HOPE) (Entered: 05/08/2007) |
| 06/26/2007 | ●6 | NOTICE of Appearance by ALLAN B.K. URGENT on behalf of LEONARD C. GLENN, FEDERAL DEPOSIT INSURANCE CORPORATION (URGENT, ALLAN) (Entered: 06/26/2007) |
| 06/26/2007 | ●7 | MOTION to Dismiss by SHEILA C. BAIR, FEDERAL DEPOSIT INSURANCE CORPORATION.Responses due by 7/9/2007 (Attachments: # 1 Brief # 2 Arquette Declaration# 3 Text of Proposed Order)(URGENT, ALLAN) (Entered: 06/26/2007) |
| 06/26/2007 | ● | Set Deadline as to 7 MOTION to Dismiss. Motion Hearing set for 7/23/2007 before Judge Stanley R. Chesler. (PLEASE BE ADVISD THAT THIS MOTION WILL BE DECIDED ON THE PAPERS UNLESS OTHERWISE NOTIFIED BY THE COURT) (sr, ) (Entered: 06/26/2007) |
| 06/28/2007 | ●8 | LETTER ORDER setting Initial Scheduling Conference by telephone for 11/1/2007 at 11:00 AM before Magistrate Judge Claire C. Cecchi. JOINT DISCOVERY MUST BE SUBMITTED PRIOR TO THE CONFERENCE. Signed by Judge Claire C. Cecchi on 6/28/07. (nc, ) (Entered: 06/28/2007) |
| 07/12/2007 | ●9 | Letter from Hope Pordy, Plaintiff's Attorney re 7 MOTION to Dismiss, Set/Reset Motion and R&R Deadlines/Hearings. (PORDY, HOPE) (Entered: 07/12/2007) |
| 07/20/2007 | ●10 | STIPULATION/ORDER re: extension of time to file opposition and reply papers in connection w/defts' Motion to Dismiss/Change of Venue. Signed by Judge Stanley R. Chesler on 7/19/07. (sr, ) (Entered: 07/20/2007) |

| 08/13/2007 | ●11 | BRIEF in Opposition re 7 MOTION to Dismiss *or in the Alternative for Change of Venue* filed by LEONARD C. GLENN. (Attachments: # 1 Declaration of Leonard C. Glenn with Exhibits)(PORDY, HOPE) (Entered: 08/13/2007) |
| 08/20/2007 | ●12 | REPLY to Response to Motion re 7 MOTION to Dismiss filed by SHEILA C. BAIR, FEDERAL DEPOSIT INSURANCE CORPORATION. (Attachments: # 1 Certificate of Service)(URGENT, ALLAN) (Entered: 08/20/2007) |
| 09/14/2007 | ●13 | OPINION & ORDER granting 7 Motion transferring action to the USDC for the District of Columbia. Signed by Judge Stanley R. Chesler on 9/14/07. (sr, ) (Entered: 09/14/2007) |
| 11/29/2007 | ●14 | Court's Letter re: transfer. (sr, ) (Entered: 11/29/2007) |

I HEREBY CERTIFY that the above and foregoing is a true and correct copy of the original on file in my office

ATTEST:
WILLIAM T. WALSH, Clerk
United States District Court
District of New Jersey

By *Sheree Laime*
Deputy Clerk

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 APR 11    A 10: 37

Hope Pordy, Esq.
SPIVAK, LIPTON, WATANABE,
SPIVAK, MOSS & ORFAN, LLP
1700 Broadway, 21st Floor
New York, New York 10019
Email: hpordy@spivak-lipton.com
Ph:    212.765.2100
Fax:   212.541.5429
*Attorneys for Plaintiff Leonard C. Glenn*

07-1691 (SRC)

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------- :
                                                              :
LEONARD C. GLENN,                                             :
                                                              :
                    Plaintiff,                                :
                                                              :        **COMPLAINT**
       - against -                                            :        **AND JURY DEMAND**
                                                              :
SHEILA C. BAIR, Chairman, FEDERAL                            :
DEPOSIT INSURANCE CORPORATION,                               :
and the FEDERAL DEPOSIT INSURANCE                            :
CORPORATION,                                                  :
                                                              :
                    Defendants.                               :
                                                              :
-------------------------------------------------------------- :

Plaintiff Leonard C. Glenn, by his attorneys, Spivak, Lipton, Watanabe, Spivak,
Moss & Orfan LLP, alleges as follows:

## NATURE OF ACTION

1.    This is an age discrimination and retaliation action brought by Plaintiff Leonard
C. Glenn against his employer, the Federal Deposit Insurance Corporation ("FDIC"). In this
action, Plaintiff alleges that defendants discriminated against him on the basis of age in violation
of the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§
621 *et seq.* and retaliated against him for engaging in protected activity within the meaning of

Title VII of the Civil Rights of Act of 1964 ("Title VII"), as amended 42 U.S.C. §§ 2000e *et seq.*

## JURISDICTION

2.    Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. §§1331, 1332 and 1346; the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §626(c); and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-5.

3.    Venue is proper in this District because the unlawful employment practices complained of occurred within the District of New Jersey and the Plaintiff resides within the District of New Jersey.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

4.    Plaintiff has complied with all statutory prerequisites to this action by filing a timely charge of discrimination against Defendants with the United States Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations.

5.    On January 14, 2007, Plaintiff received notice from the EEOC Office of Federal Operations of the "Right to File a Civil Action." In compliance therewith, Plaintiff has filed this action within ninety days of receipt of such notice.

## PARTIES

6.    Plaintiff Leonard C. Glenn resides at 84 Yantacaw Brook Road, Montclair, New Jersey 07043. Plaintiff is an African-American male and was born on May 5, 1955.

7.    Defendant Sheila C. Bair, Chairman of the Federal Deposit Insurance Corporation, maintains an office at the FDIC headquarters office at 550 17th Street, N.W., Room MB-6028, Washington, D.C. 20429.

8.    Defendant FDIC maintains a Field Office, and principal place of business, at 1095 Cranbury South River Road, Jamesburg, New Jersey 08831.

## FACTS UNDERLYING ALL CAUSES OF ACTION

9.      Plaintiff Leonard Glenn commenced employment with the FDIC in 1975 as a Co-op employee in the FDIC's Boston Regional Office, and thereafter, transferred to the New York Region and was employed as an Assistant Examiner in the Albany, New York Field Office until 1981.

10.     From 1981 to 1985, Glenn was employed by the FDIC as a Commissioned Bank Examiner in the Wayne Field Office.

11.     From 1985 to 1988, Glenn was employed by the FDIC as a Bank Examiner (EDP) in the Wayne Field Office.

12.     From 1988 to 1990, Glenn was employed by the FDIC as a Review Examiner in the New York Regional Office.

13.     From 1990 to the present, Glenn has been employed by the FDIC as a Bank Examiner, CG-13, in the Wayne Field Office.

14.     On June 23, 2004, Glenn applied for a CG-14 level Special Activities Review Examiner position advertised under Vacancy Announcement No. 2004-HZ-2582, CG-0570-13/14 and located in Washington, D.C. The Special Activities Review Examiner position is under the Division of Supervision and Consumer Protection, Risk Management and Applications Branch, Special Activities Section, and located in Washington, D.C. The Vacancy Announcement identified three available positions, one permanent and two five year rotational assignments.

15.     In support of his application, Glenn submitted a Form SF-171 (Application for Federal Employment) setting forth his work history, accomplishments, and professional experience related to the quality ranking factors listed in the Vacancy Announcement.

16.     To be qualified for the CG-14 level position, "candidates must have one year of

3

specialized experience examining, or supervising examination of, financial institutions equivalent at least to the CG-13 level."

17.    The "Desirable Knowledge, Skills, [and] Abilities" for the Special Activities Section Review Examiner position (referred to as "Quality Ranking Factors") were identified in the Vacancy Announcement as follows:

(a)    Knowledge of rules, regulations, policies and law relating to the Bank Secrecy Act, the USA PATRIOT Act, the Bank Protection Act of 1968 and other Federal statutes pertaining to bank fraud and banking industry crime;

(b)    Ability to communicate orally to gather information, make presentations, relate findings, and provide recommendations;

(c)    Ability to communicate in writing to prepare reports, analyses, recommendations, and various types of correspondence;

(d)    Ability to work with a broad range of people from different backgrounds and organizational levels;

(e)    Ability to analyze information to identify problems or issues and make recommendations and/or present findings.

18.    A Merit Promotion Panel ("the Panel"), convened by Lisa D. Arquette, the Section Chief for the FDIC's Special Activities Section and Selecting Official for the vacancies, ranked the "best qualified" applicants, including Glenn, in numerical order.

19.    The Panel assigned the six oldest applicants, including Glenn, the six lowest rankings.

20.    Arquette did not interview one candidate who was over the age of 40 at the time of the interviews.

21.    Glenn was advised by Lisa D. Arquette, Section Chief, on August 23, 2004 via

4

email that he was not selected as a Special Activities Section Review Examiner.

22.    The three individuals selected for the vacancies listed in Vacancy Announcement No. 2004-HZ-2582, CG-0570-13/14 were younger than Glenn:

(a)    Tanya Spratley, one of the selectees, was 32 years old at the time she was selected (DOB: September 15, 1971) and had no prior EEO activity.

(b)    Heather Basnett, one of the selectees, was 33 years old at the time she was selected (DOB: April 1, 1971) and had no prior EEO activity.

(c)    Eric Walker, one of the selectees, was 35 years old at the time he was selected (DOB: October 13, 1969) and had no prior EEO activity.

23.    Glenn was not selected as a Special Activities Section Review Examiner despite his qualifications, subject matter expertise, and years of experience with the FDIC which were far superior to the selectees.

24.    Glenn, at the time he applied for the Special Activities Section Review Examiner, was extremely knowledgeable of the Bank Secrecy Act ("BSA"), anti-money laundering laws, and the U.S. Patriot Act, and had demonstrated work experience in these areas.

25.    Prior to the posting of Vacancy Announcement No. 2004-HZ-2582, CG-0570-13/14, Glenn complained to Arquette about discriminatory treatment towards African-Americans in connection with the Anti-Terrorist Financing Technical Assistance Task Force assignments in an email dated January 20, 2004.

26.    Arquette referred Glenn's January 20, 2004 email to the Office of Diversity and Economic Opportunity ("ODEO"), and subsequently learned from the Chief of the ODEO, Michael Moran, that Glenn had been involved in an EEO case, Chris J. Conanan, et al. v. FDIC, No. 00-CV-3091 (ESH) (D.D.C.) (filed November 8, 1993) ("Conanan").

27.    Glenn's prior EEO activity in connection with the class action Conanan lawsuit

5

referenced above included his status as a named plaintiff as of 1998, and his involvement in the

prosecution of that case as well as the high level negotiations which led to a settlement and entry

of a Consent Decree in 2001.

28.    Arquette responded to Glenn's complaint on February 1, 2004, disputing that

there had been any discriminatory treatment of African-American members of the Anti-Terrorist

Financing Technical Assistance Task Force with respect to assignments.

## AS AND FOR A FIRST CAUSE OF ACTION
### (age discrimination)

29.    Plaintiff hereby repeats and realleges each allegation contained in paragraphs 1

through 28 above.

30.    Despite his superior qualifications for the position of a Special Activities Section

Review Examiner, Defendants did not select Plaintiff a fifty-one (51) year old male, for the

position; rather, three (3) less-qualified applicants under the age of forty were selected for the

position. The three (3) selectees were, in fact, the youngest of all the applicants for the position.

31.    By its aforesaid actions, Defendants acted in violation of the ADEA, 29 U.S.C.

§633a, by discriminating against Plaintiff on the basis of age in the terms and conditions of his

employment, as described above, and has done so knowingly or with reckless disregard of the

law.

## AS AND FOR A SECOND CAUSE OF ACTION
### (retaliation)

32.    Plaintiff restates and incorporates by reference each allegation contained in

paragraphs 1 through 31 of the Complaint herein.

33.    Glenn engaged in protected activity within the meaning of Title VII's anti-

6

retaliation provision when he complained to Lisa D. Arquette about discrimination in connection with the Anti-Terrorist Financing Technical Assistance Task Force assignments in an email dated January 20, 2004, within months of applying for the Special Activities Section Review Examiner position.

34.    Arquette was aware of his complaint of discrimination in January 2004, and also became aware of his prior EEO activity in connection with the Conanan class action litigation shortly before he applied for the Special Activities Section Review Examiner position. Arquette was the Selecting Official for that position.

35.    Upon information and belief, Glenn's EEO activity in January 2004, as well as his participation in the Conanan litigation, was a motivating factor in the Defendants' decision not to select Glenn for the Special Activities Section Review Examiner position, and by taking into account Glenn's EEO activity, Defendants violated the anti-retaliation provisions of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a).

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that this Court grant judgment to him containing the following relief:

1.    An award of Plaintiff's actual damages for loss of wages and benefits;

2.    An award of damages for Plaintiff's severe mental anguish and emotional pain, including loss of self-esteem, personal dignity and career fulfillment, and continual uncertainty over his ability to meet various financial obligations;

4.    An award of punitive damages;

5.    An award of attorneys' fees and the costs; and

6.    Such other and further relief as this Court finds just and proper.

7

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues so triable.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action

pending in any court of a pending arbitration proceeding nor is any other action or arbitration

proceeding contemplated. To the best of my knowledge and belief, there are no other parties

who must be joined in this action.

Dated: April 9, 2007

<div style="margin-left: 40%;">

SPIVAK, LIPTON, WATANABE,
SPIVAK, MOSS & ORFAN, LLP

By:    s/ *Hope Pordy*
       Hope Pordy
1700 Broadway, 21st Floor
New York, New York 10019
Email: hpordy@spivak-lipton.com
Ph:    212.765.2100
Fax:   212.541.5429

ATTORNEYS FOR PLAINTIFF LEONARD C. GLENN

</div>

# CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

## I. (a) PLAINTIFFS

*Leonard C. Green* (handwritten)

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** *88888* (handwritten)
(EXCEPT IN U.S. PLAINTIFF CASES)

## DEFENDANTS

*Sheila C. Bair, etal* (handwritten)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Case: 1:07-cv-02195
Assigned To : Urbina, Ricardo M.
Assign. Date : 12/5/2007
Description: Employ. Discrim.

*JURY ACTION* (stamp)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☒ 2 U.S. Government Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A. Antitrust
☐ 410 Antitrust

### ☐ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C. Administrative Agency Review
☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| □ G. Habeas Corpus/ 2255 | ○■ H. Employment Discrimination | □ I. FOIA/PRIVACY ACT | □ J. Student Loan |
|---|---|---|---|
| □ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | ○■ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | □ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ 152 Recovery of Defaulted Student Loans (excluding veterans) |
| □ K. Labor/ERISA (non-employment) | □ L. Other Civil Rights (non-employment) | □ M. Contract | □ N. Three-Judge Court |
| □ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

| □ 1 Original Proceeding | □ 2 Removed from State Court | □ 3 Remanded from Appellate Court | □ 4 Reinstated or Reopened | ○■ 5 Transferred from another district (specify) | □ Multi district Litigation | □ 7 Appeal to District Judge from Mag. Judge |
|---|---|---|---|---|---|---|

USDC.DNJ

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

42 USC 2000 - AGE DISCRIMINATION

| VII. REQUESTED IN COMPLAINT | CHECK IF THIS IS A CLASS<br>□ ACTION UNDER F.R.C.P. 23 | DEMAND $ | Check YES only if demanded in complaint<br>JURY DEMAND: ○■ YES   □ NO |
|---|---|---|---|

| VIII. RELATED CASE(S) IF ANY | (See instruction) | □ YES   □ NO | If yes, please complete related case form. |
|---|---|---|---|

DATE  12.5.07   SIGNATURE OF ATTORNEY OF RECORD   NGD

### INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_LEONARD C. GLENN_

v.                                          Civil Action No.  **07 2195**

_SHEILA C. BAIR, ET AL_                                      **DEC - 5 2007**

The above entitled action, transferred from the U.S. District Court for the _DISTRICT_ _of NEW JERSEY_ , has been received and filed. It was assigned to Judge **URBINA, J. RMU**. subsequent pleadings filed must contain both our civil action number and the initials of the judge assigned this action.

To assist the Clerk's Office in properly recording all counsel of record and to ensure that each counsel entered is authorized to practice before this Court pursuant to Local Civil Rule 83.8, counsel for all parties must enter their appearance in accordance with our Local Civil Rule 83.6. Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

NANCY MAYER-WHITTINGTON, CLERK

By _Maureen Higgins_
Deputy Clerk

cc: *_LYLE A. PORDY_
_ALLAN URGENT_ *

*Denotes attorney not a member of the bar of the U.S. District Court for the District of Columbia

CHRISTOPHER J. CHRISTIE
United States Attorney
ALLAN B. K. URGENT
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 297-2079
Fax. (973) 297-2010
email: allan.urgent@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD C. GLENN, | HON. STANLEY R. CHESLER |
| *Plaintiff,* | *Civil Action No.* 07-cv-1691-SRC-CCC |
| v. | |
| SHEILA C. BAIR, ET AL., | |
| *Defendants.* | |

DEFENDANTS' REPLY BRIEF IN SUPPORT OF THEIR
MOTION TO DISMISS OR IN THE ALTERNATIVE FOR
CHANGE OF VENUE

CHRISTOPHER J. CHRISTIE
United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

*On the Brief:*
ALLAN B. K. URGENT
Assistant United States Attorney

12

TABLE OF CONTENTS

Table of Authorities ........................................................ iii

Preliminary Statement ...................................................... 1

Argument .................................................................. 1

I.    Plaintiff Concedes that the FDIC is not a Proper Party Defendant ... 1

II.   Plaintiff's Opposition Fails to Demonstrate that Venue is Proper in the
      District of New Jersey ............................................. 2

      A.    The Applicable Legal Standard ............................. 2

      B.    District Where the Alleged Unlawful Employment Practice Was
            Committed ............................................... 3

      C.    District Where the Relevant Employment Records Are Kept .. 5

      D.    District Where the Aggrieved Employee Would Have Worked . 6

      E.    This Case Should Be Prosecuted Where Venue Is Proper for Both
            Claims .................................................. 7

Conclusion ................................................................ 9

TABLE OF AUTHORITIES

CASES

*Albright v. W.L. Gore & Assocs., Inc.,*
    No. 02-304-GMS, 2002 WL 1765340 (D.Del. Jul. 31, 2002) . . . . . . . . . . . . . . . 7

*Archuleta v. Sullivan,*
    725 F. Supp. 602 (D.D.C. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 8

*Bolar v. Frank,*
    938 F.2d 377 (2d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*Goggi Corp. v. Outboard Marine Corp.,*
    422 F. Supp. 361 (S.D.N.Y. 1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Kravitz v. Inst. for Int'l Research, Inc.,*
    No. Civ. A. 92-5045, 1993 WL 453457 (E.D.Pa. Nov. 5, 1993) . . . . . . . . . . . . 7

*Max Daetwyler Corp. v. Input Graphics, Inc.,*
    541 F. Supp. 115 (E.D.Pa. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*O'Connor v. Pan Am,*
    No. 88 CIV. 5962 (KTD), 1990 WL 118286 (S.D.N.Y. May 4, 1990) . . . . . . . 7

*Passantino v. Johnson & Johnson Consumer Prods., Inc.,*
    212 F.3d 493 (9th Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*PKWare Inc. v. Meade,*
    79 F. Supp. 2d 1007 (E.D.Wis. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Rojas v. Trans States Airlines, Inc.,*
    204 F.R.D. 265 (D.N.J. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 7

*Stebbins v. State Farm Mut. Auto Ins. Co.,*
    413 F.2d 1100, 1102-03 (D.C. Cir.), *cert. denied,* 396 U.S. 895 (1969) . . . . . . . . 2

*Templeton v. Veterans Admin.,*
 540 F. Supp. 695 (S.D.N.Y. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Washington v. General Elec. Corp.,*
 686 F. Supp. 361 (D.D.C. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7


STATUTES

42 U.S.C. § 2000e-5(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

RULES AND OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Fed. R. Civ. P. 12(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PRELIMINARY STATEMENT

Defendants have submitted a straightforward motion to dismiss, or in the alternative for change of venue, that is supported by the text of Title VII's exclusive venue provisions, and by a declaration that addresses all of the facts that are material to the Court's inquiry. In his opposition, Plaintiff has not come forward with any material facts that demonstrate that the District of New Jersey is the proper venue for his Title VII claim. Additionally, Plaintiff concedes that the Federal Deposit Insurance Corporation ("FDIC") is not a proper party defendant in this case. Accordingly, Defendants maintain that their motion is proper and should be granted.

ARGUMENT

I. Plaintiff Concedes that the FDIC is not a Proper Party Defendant

In the instant motion, Defendants included a request that the Court dismiss the FDIC as a party defendant based upon either lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), or upon Plaintiff's failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). The inclusion of that request in the instant pre-answer motion was proper under Fed. R. Civ. P. 12(g).

In his opposition, Plaintiff concedes that the FDIC is not a proper party defendant in this case. *See* Opp. at 1, n. 1. Plaintiff states that he will seek leave to amend the Complaint after the instant motion is decided. *Id.* But there is no need for the Court to entertain a request for leave to amend the Complaint. The Court should simply

1

grant the motion to dismiss the FDIC as a defendant, which is already before the

Court. No further pleading is required in this regard.

II. Plaintiff's Opposition Fails to Demonstrate that Venue is Proper in the District of New Jersey

A. The Applicable Legal Standard

Title VII contains its own venue provisions for claims brought under that Act.

The statute provides in relevant part:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice . . . .

42 U.S.C. § 2000e-5(f)(3). As the court in *Rojas* observed, "venue for [plaintiff's] right

of action is circumscribed by the very statute that gives [him] the right to sue in the

first place." *Rojas v. Trans States Airlines, Inc.*, 204 F.R.D. 265, 269 (D.N.J. 2001),

quoting *Bolar v. Frank*, 938 F.2d 377, 378 (2d Cir. 1991); *see also Stebbins v. State Farm*

*Mut. Auto Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir.) (per curiam) ("the intent of

Congress to limit venue to the judicial district concerned with the alleged

discrimination seems clear."), *cert. denied*, 396 U.S. 895 (1969).

The authorities that Defendants cited in their moving brief to support their

argument that venue is not proper in the District of New Jersey, including *Rojas, supra*,

are correctly decided and should be followed here.

2

In *Rojas*, the defendant was a Missouri corporation with a principal place of business in St. Louis, Missouri. 204 F.R.D. at 266. The plaintiff was a Cuban-American pilot who was a permanent resident of New Jersey. *Id.* at 266-267. The court framed the inquiry that must be undertaken to determine whether venue is proper in New Jersey for the plaintiff's Title VII claim as follows:

> 1) was the unlawful employment practice committed in New Jersey?; 2) are the plaintiff's employment records in New Jersey?; or 3) would plaintiff have worked in New Jersey but for the alleged discriminating conduct? If the answer to any of these questions is yes, then venue is proper. If, on the other hand, the answer to all three questions is no, the action must be dismissed or transferred.

*Id.* at 267. After considering the facts, the court found that the answer to all three questions was no, and the court held that the plaintiff could not bring a Title VII claim in New Jersey. *Id.* at 269. Here, the answer to all three of the pertinent questions that the Court must consider is also no.

B. District Where the Alleged Unlawful Employment Practice Was Committed

Under the first Title VII venue option, the unlawful employment practice must have occurred in New Jersey in order to establish venue in New Jersey. The alleged unlawful employment practice in this case is Defendants' decision not to select Plaintiff for a position at the FDIC's Washington, D.C., headquarters office. There is no evidence before the Court that shows that the decision was made in New Jersey. Therefore, there is no evidence that the alleged unlawful employment practice was

3

*committed* in New Jersey, and Plaintiff cannot establish venue in New Jersey under the first Title VII venue option.

In his opposition, Plaintiff cites *Passantino v. Johnson & Johnson Consumer Prods., Inc.*, 212 F.3d 493 (9th Cir. 2000), among other cases, for the proposition that courts may consider the forum in which the "effects" of the relevant employment decision are felt in determining whether venue is proper under Title VII. *See id.* at 504-506. The expansive view of the Title VII venue provisions espoused by the Ninth Circuit in *Passantino* is not supported by the plain language of the statutory text. *See generally, Templeton v. Veterans Admin.*, 540 F. Supp. 695, 696 (S.D.N.Y. 1982) (claims under Title VII are strictly governed by the statutes venue provisions). If Congress intended the result reached by the *Passantino* court, it could have easily provided in the statute that venue lies in the judicial district where the plaintiff *worked* when the alleged unlawful employment practice was committed. It did not.

In order to support its decision, the *Passantino* court improperly conflates the standards that apply to the analysis for personal jurisdiction with the statutory standard for determining venue for Title VII claims, and reads ambiguity into the terms of the statute where none exists. *See Passantino*, 212 F.3d at 505 and n.8. Defendants respectfully urge the Court to decline to follow *Passantino* and its progeny, which are not controlling in this jurisdiction.

4

C. District Where the Relevant Employment Records Are Kept

Under the second Title VII venue option, Plaintiff must demonstrate that the

relevant employment records are maintained or administered in New Jersey in order

to establish venue in New Jersey. This provision of the statute is properly construed

as referring to the location where original and complete records are maintained. *See*

*Archuleta v. Sullivan*, 725 F. Supp. 602, 604-605 (D.D.C. 1989) (venue was not proper

under Title VII's venue provisions merely because an attorney located there had

copies of some employment records obtained for purposes of litigation); *Washington v.*

*General Elec. Corp.*, 686 F. Supp. 361, 363 (D.D.C. 1988) (the Title VII provision does

not refer to any district in which some portion of employment records might be

found, but only to one judicial district in which complete "master" set of employment

records is maintained and administered). Defendant has submitted a declaration that

plainly shows that the case file related to the selection process is maintained in the

FDIC's Human Resources Branch in the Washington, D.C., headquarters office. *See*

Arquette Decl., ¶ 9. Plaintiff's responses to the facts asserted in the Arquette

Declaration are all irrelevant to the Court's inquiry.

Plaintiff makes the following statements in his declaration: (1) his official

personnel file is maintained in Boston, Massachusetts and "other personnel records"

related to his employment are located in Jamesburg, New Jersey; (2) the candidates'

applications for the position he sought were initially reviewed in Chicago, Illinois; and

5

(3) all of the documents that the FDIC claimed were material to the selection process

were complied by an investigator from Boston, Massachusetts, during the

administrative process. *See* Glenn Decl., ¶¶ 4, 6, 9. None of those assertions establish

that the relevant employment records for the purposes of this case are maintained or

administered in New Jersey. Therefore, Plaintiff cannot establish that venue lies in the

District of New Jersey under the second Title VII venue option.

D. District Where the Aggrieved Employee Would Have Worked

Under the third Title VII venue option, the Court must consider the district where

Plaintiff would have worked but for the alleged unlawful employment practice. Here,

there is no dispute that Plaintiff would have worked in Washington, D.C., but for the

alleged unlawful employment practice. That Plaintiff applied for a time-limited

position, and expected to return to New Jersey after the position ended, does not alter

the Court's inquiry. The answer to the pertinent question is that the Plaintiff would

have worked in Washington, D.C., not New Jersey, had he been selected for the

position that he sought. Therefore, Plaintiff cannot establish that venue lies in the

District of New Jersey under the third Title VII venue option. Accordingly, Plaintiff

is unable to establish that venue is proper in the District of New Jersey under any of

the three options available under Title VII.

In sum, Plaintiff's opposition to Defendants' motion emphasizes Plaintiff's

residence, actions and employment history in New Jersey. But those facts are not

6

material under the applicable standard. If the Court applies the plain language of the

Title VII venue provisions, the Court should find that venue for Plaintiff's Title VII

claim does not lie in the District of New Jersey.

E. This Case Should Be Prosecuted Where Venue Is Proper for Both Claims

Defendants do not dispute that the general venue statute applies to Plaintiff's

ADEA claim. However, the general rule is that venue must be established for each

cause of action. *Rojas*, 204 F.R.D. at 267, citing *Washington*, 686 F. Supp. at 362. Since

Plaintiff made the decision to present a Title VII claim simultaneously with his ADEA

claim, the Court should find that this lawsuit must be prosecuted in a district where

venue is proper for both claims. *Albright v. W.L. Gore & Assocs., Inc.*, No. 02-304-

GMS, 2002 WL 1765340 at *4 (D.Del. Jul. 31, 2002), citing *Kravitz v. Inst. for Int'l*

*Research, Inc.*, No. Civ. A. 92-5045, 1993 WL 453457 at *3 (E.D.Pa. Nov. 5, 1993); *see*

*also O'Connor v. Pan Am*, No. 88 CIV. 5962 (KTD), 1990 WL 118286 at *3-4 (S.D.N.Y.

May 4, 1990) (court transferred Title VII and ADEA claims to venue where venue for

Title VII claim was proper).

The venue provisions of Title VII are exclusive. Therefore, the doctrine of

pendent venue should not be applied to override the intent of Congress as expressed

in a specifically defined statute. *Cf. PKWare Inc. v. Meade*, 79 F. Supp. 2d 1007, 1018-19

(E.D.Wis. 2000) (stating that "[p]atent infringement cases are governed by a specific

venue statute, § 1400(b), and courts have expressed the view that application of the

7

doctrine of pendent venue is inconsistent with the specific requirements of the statute."); *Max Daetwyler Corp. v. Input Graphics, Inc.*, 541 F. Supp. 115, 117-118 (E.D.Pa. 1982) (same); *Goggi Corp. v. Outboard Marine Corp.*, 422 F. Supp. 361, 366 (S.D.N.Y. 1976) (stating that the doctrine of pendent venue has received limited acceptance and has usually only been applied "in the context of common law claims which are jurisdictionally pendent to federal claims."). Furthermore, Plaintiff's ADEA and Title VII claims are not properly characterized as a single cause of action since each claim alleges discriminatory conduct against a different protected class, and the evidence to support each claim would be different for each. *Archuletta*, 725 F. Supp. at 606. Thus, the doctrine of pendent jurisdiction should not be applied in this case, and the Court should hold that this case must be prosecuted in a venue that is proper for both of Plaintiff's claims.

8

CONCLUSION

For the reasons set forth in the Defendants' moving brief, and in this reply brief,

Defendants request that this action be dismissed. In the alternative, Defendants

request that this action be transferred to the United States District Court for the

District of Columbia. Defendants further request that the Court dismiss the FDIC

from this action as a party defendant.

CHRISTOPHER J. CHRISTIE
United States Attorney

*s/ Allan B. K. Urgent*

By: _____

ALLAN B. K. URGENT
Assistant United States Attorney

OF COUNSEL:
Patricia Davison-Lewis
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive
Arlington, VA 22226

## CERTIFICATE OF SERVICE

### LEONARD C. GLENN v. SHEILA C. BAIR, ET AL.
Civil Action No. 07-cv-1691-SRC-CCC

I, the undersigned Legal Assistant in the Office of the United

States Attorney for the District of New Jersey, hereby certify that I

caused to be served copies of Defendants' Reply Brief In Support of

Their Motion to Dismiss or in the Alternative for Change of Venue

and this Certificate of Service in the above-captioned matter via

First Class Mail on August 20, 2007

to:    Hope A. Pordy, Esq.
       Spivak Lipton LLP
       1700 Broadway, 21st Floor
       New York, NY 10019

I certify under penalty of perjury that the foregoing is true and
correct.

Executed on the 20th day of August 2007.

_MillieStovall_
MILLIE STOVALL
Legal Assistant

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------

LEONARD C. GLENN,

                Plaintiff,          :     Hon. Stanley R. Chesler

   - against -              :     Case No. 07-1691 (SRC)(CCC)

SHEILA C. BAIR, Chairman, FEDERAL
DEPOSIT INSURANCE CORPORATION,
and the FEDERAL DEPOSIT INSURANCE
CORPORATION,

                Defendants.

-------------------------------------------------------------

## OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
## OR IN THE ALTERNATIVE FOR CHANGE OF VENUE

Hope A. Pordy, Esq.
Spivak Lipton LLP
1700 Broadway, 21st Floor
New York, New York 10019
Telephone:    (212) 765-2100
Facsimile:    (212) 765-8954
hpordy@spivaklipton.com

# TABLE OF CONTENTS

                                                                                    Page

TABLE OF AUTHORITIES ................................................................................. i

PRELIMINARY STATEMENT ........................................................................... 1

STATEMENT OF FACTS ................................................................................... 1

ARGUMENT ....................................................................................................... 3

    I. THE PROPER VENUE FOR THIS ACTION IS THE
       UNITED STATES DISTRICT COURT
       FOR THE DISTRICT OF NEW JERSEY ............................................................. 3

        A. ADEA AND TITLE VII VENUE PROVISIONS ................................... 3

        B. FACTS SUPPORTING VENUE IN THE
           DISTRICT COURT OF NEW JERSEY ....................................................... 7

    II. PENDENT VENUE ......................................................................................... 10

CONCLUSION ....................................................................................................... 12

## TABLE OF AUTHORITIES

**Case**                                                                                                         **Page**

Myers v. Amer. Dental Assoc. ........................................................................................4
   695 F. 2d 716 (3rd Cir. 1982)

Murphy v. Schneider National, Inc. .............................................................................4
   362 F. 3d 1133 (9th Cir. 2004)

Passantino v. Johnson & Johnson Consumer Products ..........................................5, 6
   212 F. 3d 493 (9th Cir. 2000)

Dean v. Handysoft Corp. ..............................................................................................5
   No. CIV.A. 04-5387, WL 362662 (E.D. Pa. 2005)

Tamashiro v. Harvey ...................................................................................................5, 6
   No. 06-00188 ACK/KSC, 2006 WL 2711465 (D. Hawaii 2006)

Berry v. Potter .............................................................................................................5, 6
   No. Civ. 04-2922 PHX RCB, 2006 WL 335841 (D. Ariz. 2006)

Richardson v. Alabama State Board of Education ........................................................6
   935 F.2d 1240 (11th Cir. 1991)

Ellis v. Costco Wholesale Corp. ...................................................................................6
   372 F.Supp. 2d 530 (N.D. Cal. 2005)

Stebbins v. State Farm Mutual Auto Ins. Co. ..............................................................7
   413 F.2d 1100, (D.C. Cir. 1969)

Ford v. Valmac Industries, Inc. ....................................................................................7
   494 F.2d 330, 332 (10th Cir. 1974)

Archuleta v. Sullivan ...................................................................................................10
   725 F. Supp. 602 (D.D.C. 1989)

## STATUTES

28 U.S.C. § 1391 (e) .....................................................................................................3

29 U.S.C. §§ 621 *et seq.* ..............................................................................................3

42 U.S.C. § 2000e-16(c) ...............................................................................................1

i

## PRELIMINARY STATEMENT

Plaintiff Leonard C. Glenn submits this memorandum of law in opposition to the pre-answer Motion to Dismiss or in the Alternative for Change of Venue filed by the Defendant Federal Deposit Insurance Corporation.[1]

## STATEMENT OF FACTS

Plaintiff Leonard C. Glenn ("Glenn") commenced employment with the FDIC in 1975 as a Co-op employee in the FDIC's Boston Regional Office, and thereafter, transferred to the New York Region and was employed as an Assistant Examiner in the Albany, New York Field Office until 1981. Compl. ¶ 9.[2] From 1981 to 1985, Glenn was employed by the FDIC as a Commissioned Bank Examiner in the Wayne Field Office. Compl. ¶ 10. From 1985 to 1988, Glenn was employed by the FDIC as a Bank Examiner (EDP) in the Wayne Field Office. Compl. ¶ 11. From 1988 to 1990, Glenn was employed by the FDIC as a Review Examiner in the New York Regional Office. Compl. ¶ 12. From 1990 to the present, Glenn has been employed by the FDIC as a Bank Examiner, CG-13, in the Wayne Field Office. Compl. ¶13.

On June 23, 2004, Glenn applied for a CG-14 level Special Activities Review Examiner position advertised under Vacancy Announcement No. 2004-HZ-2582, CG-0570-13/14 and located in Washington, D.C. The Special Activities Review Examiner position is under the Division of Supervision and Consumer Protection, Risk Management and Applications Branch, Special Activities Section, and located in Washington, D.C. The Vacancy Announcement identified three available positions, one permanent and two five year rotational assignments.

---

[1] In response to Defendants' motion to dismiss the Federal Deposit Insurance Corporation, as an entity, in accordance with 42 U.S.C. § 2000e-16(c), Plaintiff will seek to amend the Complaint to name only Sheila C. Bair, Chairman of the FDIC, as a party defendant, upon the issuance of this Court's decision on Defendants' motion to change venue.

[2] References to the Complaint and Jury Demand filed on April 9, 2007, are cited to herein as "Compl. ¶ __."

Compl. ¶ 14. See also Glenn Decl. ¶ 5, Ex. B.[3] In support of his application, Glenn submitted an application setting forth his work history, accomplishments, and professional experience related to the quality ranking factors listed in the Vacancy Announcement. Compl. ¶ 15.

Jeffrey Markham, a Personnel Management Specialist, FDIC Personnel Service Branch, located in Chicago, Illinois, reviewed the applications of the candidates for the position and certified those candidates eligible for consideration for the position in his capacity as the "Certifying Official." Glenn Decl. ¶ 6, Ex. C. A panel assigned to rank the candidates, gave the six oldest applicants, including Glenn, the six lowest rankings. Compl. ¶ 19. Lisa D. Arquette, the Selecting Official ("Arquette") did not interview any candidates over the age of 40. Compl. ¶ 20. Glenn was advised by Arquette on August 23, 2004 via email that he was not selected as a Special Activities Section Review Examiner. Compl. ¶ 21. Glenn was not selected as a Special Activities Section Review Examiner despite his qualifications, subject matter expertise, and years of experience with the FDIC which were far superior to the selectees. Compl. ¶ 23. The three individuals selected for the vacancies were less than 40 years old and had no prior EEO activity. Compl. ¶ 22 (a) - (c). See also Glenn Decl. ¶ 6, Ex. C.

Prior to the Vacancy Announcement, Glenn complained to Arquette about discriminatory treatment towards African-Americans in connection with the Anti-Terrorist Financing Technical Assistance Task Force assignments in an email dated January 20, 2004. Compl. ¶ 25. Arquette responded to Glenn's complaint via email on February 1, 2004, disputing that there had been any discriminatory treatment of African-American members of the Anti-Terrorist Financing Technical Assistance Task Force with respect to assignments. Compl. ¶ 28.

Glenn filed a formal complaint of discrimination with the Agency on September 29,

---

[3] References to statements contained in the Declaration of Leonard C. Glenn in Opposition to Defendants' Motion to Dismiss or in the Alternative for Change of Venue, dated August 11, 2007, and the Exhibits annexed thereto are cited to herein as "Glenn Decl. ¶ __, Ex. __."

2004, and an investigation was conducted by an Investigator with the firm of DSZ, One

Wadleigh Place, Boston, Massachusetts. The Investigator compiled a Report of Investigation

with documents and affidavits procured during the course of his investigation including all

materials purportedly connected to the selection process. Glenn ¶ 9, Ex. D. Glenn was provided

with a complete copy of the Report of Investigation. Glenn Decl. ¶ 9.

## ARGUMENT

I.  **The Proper Venue for this Action is the United
    States District Court for the District of New Jersey**

   A.   **ADEA and Title VII Venue Provisions**

   Plaintiff Leonard C. Glenn has brought this action pursuant to the Age Discrimination in

Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621 *et seq.*, and Title VII of the

Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.* Pursuant to the

ADEA, Plaintiff has alleged that his employer, the Federal Deposit Insurance Corporation

("FDIC"), discriminated against him on the basis of age when it failed to select him for one of

the three available positions for a CG-14 level Special Activities Review Examiner, Division of

Supervision and Consumer Protection, Risk Management and Applications Branch, Special

Activities Section ("SAS Review Examiner"). Plaintiff is also claiming that the FDIC

impermissibly considered his prior EEO activity when it made its selection decision, and

therefore, retaliated against him in violation of Title VII, 42 U.S.C. § 2000e-3(a). Both the

ADEA claim and the Title VII claim are focused on the same employment decision, i.e., the

decision not to promote Glenn to the SAS Review Examiner position.

   Venue in an ADEA action is governed by 28 U.S.C. § 1391(e) which provides as follows:

> A civil action in which a defendant as an officer or employee of the
> United States or any agency thereof acting in his official capacity or

3

> under color of legal authority, or an agency of the United States, or
> the United States, may except as otherwise provided by law, be brought
> in any judicial district in which (1) a defendant in the action resides, or
> (2) the cause of action arose, or (3) any real property involved in the
> action is situated, or (4) the plaintiff resides if no real property is involved
> in the action.

Venue in the United States District Court for New Jersey is clearly proper for Glenn's ADEA

claim as Glenn has for all times relevant to this action been assigned to the FDIC's Field Office

in New Jersey. Compl. ¶ 8. Glenn is also a resident of New Jersey. Compl. ¶ 6. The FDIC does

not contest that venue is proper in the District Court of New Jersey pursuant to the venue

provision applicable to ADEA actions.

Instead, FDIC asserts that this action must be transferred to the United States District

Court for the District of Columbia pursuant to the venue provision applicable to Title VII

actions, 42 U.S.C. § 2000e-5(f)(3), which provides, in pertinent part:

> Such an action may be brought in any judicial district in the States
> in which the unlawful employment practice is alleged to have been
> committed, in the judicial district in which the employment records
> relevant to such practice are maintained and administered, or in the
> judicial district in which the aggrieved person would have worked
> but for the alleged unlawful employment practice, but if the respondent
> is not found within any such district, such an action may be brought
> within the judicial district in which the respondent has his principal office.

The Third Circuit has held that because a defendant's motion for transfer of venue is "an

affirmative dilatory defense" questioning only where the case should be tried, the "movant has

the burden of proving the defense asserted by it." Myers v. Amer. Dental Assoc., 695 F.2d 716,

724 (3d Cir. 1982). In deciding such a motion, "the court must view the facts in the light most

favorable to the non-moving party and draw all reasonable inferences in the non-moving party's

favor." Murphy v. Schneider National, Inc., 362 F.3d 1133, 1138-39 (9th Cir. 2004).

4

In support of its motion, the FDIC erroneously claims that there are no facts that establish

a connection with New Jersey. The FDIC also narrowly interprets the statutory language and

ignores the application of the Title VII venue provision to promotion cases where the employee

is denied an out-of-state promotion. The third prong of Title VII's venue provision is satisfied

not only by filing in the venue where the unlawful practice *occurred*, but also in the venue where

the *effect* of the unlawful employment practice is felt. Passantino v. Johnson & Johnson

Consumer Products, Inc., 212 F.3d 493 (9th Cir. 2000); Dean v. Handysoft Corp., No. CIV.A.

04-5387, 2005 WL 362662 (E.D.Pa. 2005); Tamashiro v. Harvey, No. 06-00188 ACK/KSC,

2006 WL 2711465 (D.Hawai'i 2006); Berry v. Potter, No. Civ. 04-2922 PHX RCB, 2006 WL

335841 (D.Ariz. 2006). In such cases, it is appropriate for a court to find that venue lies in the

district where the effect of the unlawful employment practice is felt.

In Passantino v. Johnson & Johnson Consumer Products, Inc., 212 F.3d 493 (9th Cir.

2000), the Ninth Circuit Court of Appeals held that in a failure to promote case, "venue is proper

in both the forum where the employment decision is made *and the forum in which that decision

is implemented or its effects are felt*." Id. at 506 (emphasis added). In Passantino, plaintiff

worked in Washington State for an employer in New Jersey. The defendants claimed that venue

in Washington was improper because the unlawful discriminatory action had taken place in New

Jersey. The court found that while it was "likely that none of the decisions to engage in unlawful

actions against her occurred in Washington," venue was nonetheless proper in Washington,

because plaintiff worked there. Id. at 504. The Ninth Circuit rejected the employer's attempt to

treat promotion claims differently under Title VII's venue provision and found that "[n]othing in

the text or history of [Title VII's] venue provision suggests that a different rule should apply in

failure-to-promote cases. Plaintiffs unlawfully denied a promotion, like those discharged, feel

the effects of their injury where they actually work." Id. at 505. The court also found that venue was proper in the district where the employment action was felt on grounds that "Title VII's venue provision obviously contemplates the possibility that several districts could provide an appropriate venue for the same action," Id. at 505, and because a finding of proper venue where the decision is felt is necessary to prevent "national companies with distant offices [that] might try to force plaintiffs to litigate far away from their homes." Id. at 505. The Ninth's Circuit rationale is also consistent with Congress's intent "to afford citizens full and easy redress of civil rights grievances." Passantino, at 504, quoting Richardson v. Alabama State Board of Education, 935 F.2d 1240, 1248 (11th Cir. 1991). See also Ellis v. Costco Wholesale Corp., 372 F.Supp.2d 530, 536 (N.D.Cal. 2005) (citing Passantino).

Similarly, in Tamashiro v. Harvey, No. 06-00188 ACK/KSC, 2006 WL 2711465 (D.Hawaii 2006), a member of the army corps of engineers was living and working in Hawaii. She was denied a transfer and promotion in Alaska. The defendants moved to transfer to Alaska or dismiss for lack of venue. The court held that although the relevant employment records were in Alaska, the decision had been made in Alaska, and plaintiff would have worked in Alaska if she had received the promotion, venue was nonetheless proper in Hawaii, since the effect of the discriminatory decision was felt in Hawaii. See also Berry v. Potter, No. Civ. 04-2922 PHX RCB, 2006 WL 335841, at *3 (D.Ariz. 2006) ("[i]t is clear from Passantino that the seat of power from which an employer makes its employment decisions is not dispositive on the issue of venue in Title VII cases when the aggrieved employee works in a different state than the powers that control the employee's advancement. While an unlawful employment practice may literally occur at a decision making level in another office, it will also be deemed to occur for venue purposes where the plaintiff works and suffers injury.")

6

The FDIC advocates a very restrictive view of where an aggrieved employee can challenge a perceived discriminatory act committed by employers, and seeks to limit Title VII's venue provision beyond its intended scope. "[T]he only limitation contemplated by [Title VII's venue] provision is that it seeks to 'limit venue to the judicial district concerned with the alleged discrimination'." Passantino, at 504, quoting Stebbins v. State Farm Mutual Auto Ins. Co., 413 F.2d 1100, 1102 (D.C.Cir. 1969) and Ford v. Valmac Industries, Inc., 494 F.2d 330, 332 (10th Cir. 1974). Clearly, the district of New Jersey, with its strong public policy against discrimination is "concerned with the alleged discrimination" of one of its citizens by a federal government employer who not only employs individuals within the State of New Jersey but is also responsible for regulating the banking industry, and its employees, within the State of New Jersey.

**B.    Facts Supporting Venue in the District Court of New Jersey**

The FDIC's discriminatory and retaliatory employment action was felt, and continues to be felt, in the district of New Jersey where Glenn has worked and lived for at least twenty-six (26) years. Glenn has been an employee of the FDIC since 1975, and has been assigned to the New Jersey Field Office (formerly located in Wayne, New Jersey and currently in Jamesburg, New Jersey) from 1981 to 1988, and from 1990 to the present. Compl. ¶¶ 9-14. Glenn applied for the SAS Review Examiner position while a CG-13 Level Bank Examiner in the Wayne Field Office. Compl. ¶¶ 13-14. Glenn submitted his application via facsimile from his New Jersey office to the FDIC's Personnel Services Branch located in Chicago, Illinois. Glenn Decl. ¶ 5, Ex. A. Jeffrey Markham, a Personnel Management Specialist, FDIC Personnel Service Branch, located in Chicago, Illinois, reviewed the applications of the candidates for the position and

7

certified those candidates eligible for consideration for the position in his capacity as the

"Certifying Official." Glenn Decl. ¶ 6, Ex. C.

Glenn relied on his extensive thirty (30) year career with the FDIC when he applied for

the SAS Review Examiner, including the experiences and qualifications he acquired primarily

while working in New Jersey. Compl. ¶ 15. In this action, Glenn is complaining that the FDIC

ignored the work record he established throughout his employment in the New Jersey Field

Office when it selected three (3) other individuals for an SAS Review Examiner position, all of

whom were under the age of 40 and had no prior EEO activity. Compl. ¶ 22. His career

prospects have suffered as a result of this lost opportunity as a promotion to a Grade 14 position

at the FDIC's National Headquarters would have advanced his career within the Agency, and

opened up more opportunities for him beyond the New Jersey Field Office. His income, and that

of his family based in New Jersey, has also suffered, as the SAS Review Examiner paid more

than his Review Examiner position. Glenn Decl. ¶ 11. Further, Glenn has suffered the negative

impact of being a victim of discrimination and someone whose qualifications were overlooked

due to his age and/or attempts to redress perceived discrimination in the workplace, which has

had an effect on his self-esteem, confidence, emotional well-being, and mental state in his day-

to-day New Jersey life.

Additionally, the FDIC claims that Glenn was only considered for one (1) of the two (2)

available five year rotational assignments. Therefore, even if Glenn had been selected for a

rotational assignment, his permanent Field Office would have remained in New Jersey and he

would have continued his career in the New Jersey Field Office notwithstanding his stint in

Washington, D.C. as an SAS Review Examiner. Glenn Decl. ¶ 5, Ex. B (Vacancy

8

Announcement, "Upon completion of the rotational assignments, the persons selected will return to their previous positions or equivalent in the previous organization.").

Lastly, Glenn never even visited the District of Columbia in connection with his application for the SAS Review Examiner position. Glenn sent his application from the New Jersey Field Office, complete with his latest performance evaluation from the Supervisor of his Field Office, and received any notices in connection with the selection process from his computer in New Jersey. Glenn was interviewed by phone while he was in Puerto Rico on assignment with the New Jersey Field Office. Glenn Decl. ¶ 7. The FDIC actually denied Glenn's request to reschedule his interview so he could appear in-person for the interview. Glenn Decl. ¶ 7. Glenn never had any direct contact with Lisa D. Arquette related to the application and selection process except for the email he received from Arquette while in New Jersey that he had not received the promotion. Compl. ¶ 21. It seems patently unfair for Glenn to have to appear in a district to pursue this action when he never had to appear in the district in order to pursue the promotion. If the FDIC didn't deem it necessary at the time of the selection process for Glenn to appear in the district to demonstrate his qualifications, Glenn should not now, at the FDIC's purported convenience, be required to appear in the district to prove that he was the superior candidate.

As for the records related to the selection process, during the course of the processing of the administrative complaint Glenn filed with the United States Equal Employment Opportunity Commission ("EEOC"), Office of Federal Operations, purportedly all records relevant to the selection process were gathered by an Investigator, based in Boston, Massachusetts. The Report of Investigation, compiled by the Investigator, was provided to Glenn in accordance with the procedures for processing equal employment opportunity complaints by federal sector

employees. Glenn Decl. ¶ 9. It is also believed that Glenn's official FDIC personnel file is maintained in the FDIC's Boston office, and that other personnel records are maintained in the New Jersey Field Office. Glenn Decl. ¶ 4.

Accordingly, the FDIC has failed to carry its burden that venue is not proper for Glenn's age discrimination claim pursuant to the ADEA as well as his retaliation claim pursuant to Title VII. Glenn has sufficiently demonstrated that venue is proper in the District Court of New Jersey because (1) he has been a resident in New Jersey since 1982; (2) he has worked for the FDIC in New Jersey for approximately 24 years; (3) he has suffered the effect of the unlawful employment action in New Jersey; (4) personnel records related to the selection process as well as Glenn's official personnel record are located outside of the District of Columbia; and (5) material facts related to Glenn's claims are connected to New Jersey.

## II.   **Pendent Venue**

The FDIC seemingly treats the ADEA claim as a subsidiary issue, without any basis for doing so, by only referring to it by footnote. FDIC Venue Brief, p.3, n.1. The ADEA claim, however, is a focal point of the Complaint and Glenn sets forth specific allegations underlying the basis for his age discrimination claims, including allegations that the six oldest applicants received the six lowest rankings by the panel convened to rank the applicants and that Arquette did not interview one single candidate who was over the age of 40 at the time of her interviews. Compl. ¶¶ 19-20, 22(a)-(c). See also Glenn Decl. ¶ 6, Ex. C.

"The principle of pendent venue...provides that proper venue as to one claim will support adjudication of any other claim as long as the claims amount to a single cause of action." Archuleta v. Sullivan, 725 F. Supp. 602, 605-606 (D.D.C. 1989). In contrast to the alleged facts in Archuleta, here, both the ADEA claim and the Title VII claim "amount to a single cause of

action" because both arose from the FDIC's decision not to select Glenn for the position of SAS Review Examiner despite his superior qualifications. In connection with both claims, a court will have to examine and compare the qualifications and experience of the respective candidates to identify whether the decisionmakers unlawfully considered Glenn's age and/or prior EEO activity when they evaluated his application. The age of the applicants and the absence of any prior EEO activity by the selected employees is an indisputable fact based on the FDIC's own personnel records, which have already been provided to Glenn in the Report of Investigation. The only additional evidence to be considered in the Title VII retaliation claims is Glenn's email to Arquette, sent from his computer in New Jersey, questioning disparate treatment towards African-Americans with respect to assignments through the Anti-Terrorist Financing Technical Assistance Task Force. See Compl. ¶ 25.

Accordingly, since venue for Glenn's ADEA claim is proper in this district, this Court may exercise its authority pursuant to the principle of pendent venue, and find that this district is also the proper venue for Glenn's Title VII retaliation claim.

## **CONCLUSION**

For the reasons stated above, Plaintiff Leonard C. Glenn respectfully requests that the

FDIC's Motion to Dismiss or in the Alternative for Change of Venue be dismissed in its entirety.

Dated: New York, New York
      August 13, 2007


                    SPIVAK LIPTON LLP

                    By:  /s/  _____
                           Hope Pordy
                    1700 Broadway, 21st Floor
                    New York, NY
                    Ph:  212.765.2100
                    Fax: 212.541.5429
                    hpordy@spivaklipton.com
                    *Attorneys for Plaintiff Leonard C. Glenn*

Hope Pordy, Esq.
SPIVAK LIPTON LLP
1700 Broadway, 21st Floor
New York, New York 10019
Email: hpordy@spivaklipton.com
Ph:    212.765.2100
Fax:   212.541.5429
*Attorneys for Plaintiff Leonard C. Glenn*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------- :
LEONARD C. GLENN,                                  :
                                                   :
              Plaintiff,                           :
                                                   :       Hon. Stanley R. Chesler
        - against -                                :
                                                   :       Civil Action No. 07-cv-1691-SRC-CCC
SHEILA C. BAIR, Chairman,                          :
FEDERAL DEPOSIT INSURANCE                          :
CORPORATION and the FEDERAL                        :
DEPOSIT INSURANCE CORPORATION,                     :
                                                   :
              Defendants.                          :
-------------------------------------------------- :

**DECLARATION OF LEONARD C. GLENN IN
OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
OR IN THE ALTERNATIVE FOR CHANGE OF VENUE**

LEONARD C. GLENN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury

that the following is true and correct:

    1.     I am a Plaintiff in the above-captioned matter.  I am fully familiar with the

facts set forth below, and I make this Declaration in opposition to Defendants' Motion to

Dismiss or in the Alternative for Change of Venue.

    2.     Based on the foregoing, and for the reasons stated in the accompanying

Memorandum of Law in Opposition Defendants' Motion to Dismiss or in the Alternative for

Change of Venue, I respectfully request that this Court deny Defendants' Motion in its entirety.

3.    I have been a permanent resident of New Jersey since 1982.

4.    Upon information and belief, my official FDIC personnel file is maintained in the FDIC's office in Boston, MA, and other personnel records related to my employment are located in the Field Office to which I am assigned in Jamesburg, New Jersey.

5.    I faxed my application for a CG-14 level Special Activities Review Examiner position advertised under Vacancy Announcement No. 2004-HZ-2582, CG-0570-13/14, from New Jersey to the FDIC Personnel Services Branch located in Chicago, Illinois, as per the instructions in the Vacancy Announcement. A copy of my application, and the accompanying fax cover sheet, is attached hereto as Exhibit A. A copy of the Vacancy Announcement is attached hereto as Exhibit B.

6.    Jeffrey Markham, a Personnel Management Specialist, FDIC Personnel Service Branch, located in Chicago, Illinois, reviewed the applications of the candidates for the position and certified those candidates eligible for consideration for the position in his capacity as the "Certifying Official." A copy of the Reassignment Referral Memoranda are attached hereto as Exhibit C.

7.    I was interviewed for the Special Activities Review Examiner position by telephone when I was in Puerto Rico conducting FDIC business within the scope of my duties and responsibilities as a Bank Examiner assigned to the New Jersey Field Office. I requested an in-person interview, but that request was denied.

8.    I never at any time went to the District of Columbia in connection with the processing of my application for the Special Activities Review Examiner position at issue in this case. Nor did I have any contact with Lisa Arquette in connection with my application except

for the email I received from her on August 23, 2004, on my computer in New Jersey, notifying me that I was not selected for the position.

9.    Upon filing a formal complaint of discrimination, an investigation was conducted by an Investigator from Boston, Massachusetts, who compiled all the documents the FDIC claimed were material to the selection process. I was provided with a copy of the Report of Investigation upon completion. A copy of an email sent by the Investigator to my attorney Hope Pordy is attached hereto as Exhibit D.

10.    I believe that that the opportunity to work as a SAS Review Examiner in the FDIC's Headquarters in Washington, D.C. would have enhanced my career opportunities within the New Jersey Field Office due to the experience I would have earned in the position as well as the opportunity to work with many high-level FDIC officials who are based at the headquarters office.

11.    If I had been promoted to the SAS Review Examiner position, my salary would have been increased by approximately $10,000.00 per annum. If selected for one of the five year rotational assignments, I would have retained the same grade level when I returned to the New Jersey Field Office at the end of the rotation.............

Dated: August 11, 2007

LEONARD C. GLENN

# EXHIBIT A



**Federal Deposit Insurance Corporation**
155 Willowbrook Blvd., Suite 102 Wayne NJ 07470-7033

Division of Supervision and Consumer Protection

Field Office Supervisor:  Kevin J. Glueckert

Phone:  973-890-7054
Fax:     973-890-5896

**DATE:**            June 23, 2004

**TIME:**            10:45 AM

**TO:**              HQ DSC Jobs

**LOCATION:**        FDIC Human Resources - ~~WASH~~ CHICAGO

**FAX NUMBER:**      312 - 382 - 6860

**# OF PAGES:**      10    INCLUDING COVER SHEET

**FROM:**            Leonard Glenn

**COMMENTS:**

**If there are any problems with this transmission, please contact sender at the above number.**

| Application For Federal Employment - SF171 | | |
| --- | --- | --- |
| | General Information | |

Review Examiner
Vacancy Announcement #2004-HQ-2582
SS# ●●●●●●●●●    DOB 05-05-55    US Citizen

## LEONARD C. GLENN

155 Willowbrook Boulevard                    84 Yantacaw Brook Road
Wayne, New Jersey                            Montclair, New Jersey
(973) 890-7054                               (973) 783-3174

## PROFESSIONAL EXPERIENCE

**Bank Examiner (1990 - Present)**
Wayne, New Jersey Field Office
MetroPark, New Jersey Field Office

Conduct bank examinations, the purposes of which are: to determine the financial condition of
the bank, evaluate its management, and ascertain its compliance with applicable laws and
regulations; perform established examining methods and procedures, and apply regulatory
provisions as well as standard accounting principles and techniques. Conducted over 50
examinations to date, including Safety and Soundness, BSA, EDP and Trust. These
examinations have included several problem institutions.

**Review Examiner (1988-1990)**
New York Regional Office

Review regulatory reports of examination for appropriateness of comments, accuracy of
supporting schedules, and the validity of conclusions and Uniform Bank Ratings. Responsible
for a group of problem institutions that typically involves establishing the nature of supervisory
action or monitoring of compliance with ongoing enforcement actions. Review, analyze and
process applications for de novo banks and branches, regular and phantom mergers, and
modifications of FDIC Orders.

**Bank Examiner (EDP) (1985 - 1988)**
Wayne, New Jersey Field Office

**Commissioned Bank Examiner (1981 - 1985)**
Wayne, New Jersey Field Office

**Assistant Examiner (1975 - 1981)**
New York Region
Albany, New York Field Office

Leonard C. Glenn SF-171                                          **Page 2**

## ACCOMPLISHMENTS

Selected for 120- day detail (February – June 2004) to ODEO as project team leader for Diversity Steering Committee.

Selected to participate in the Anti-terrorist financing technical assistance program.

Selected to participate in the Diversity Dialogue Group, Technology Section. This group met once a month, via teleconferencing, to discuss various topics regarding diversity in the workplace and the world.

Selected to serve a 120-day detail (May-August 2001) to FinCEN's Office of Regulatory Compliance and Enforcement. The detail included processing pending Bank Secrecy Act ("BSA") civil penalty cases and responding to BSA related inquiries on FinCEN's "Regulatory Hotline" and Webmaster. Also worked on a number of other important projects pertaining to BSA compliance and money laundering, crucial to the administration and enforcement of the BSA.

Selected to participate on the Recruitment and Selection Working Group working on the development of the Corporate Diversity Strategic Plan. Chosen to participate on the Stakeholders Group, which developed recommendations to the Diversity Steering Committee (DSC) regarding the roll out of the Diversity Strategic Plan to the Corporation. Was one of three Stakeholder Representatives chosen to present the findings of the group to the DSC and Senior Executive Council.

Selected to participate on the New York Region's Year 2000 (Y2K) Task Force. Responsible for conducting Y2K examinations of bank's throughout the region. Received Special Act and Star Awards for my performance.

Designed and conducted a presentation to the 68th Annual National Bankers Association (NBA) Convention which was held in September 1995 and addressed an amalgamation of current industry issues and concerns. Honored with a Special Act Award based on the quality of the presentation. Received letters of praise from Samuel L. Foggie, President of the NBA and Acting Regional Director Michael J. Zamorski regarding my participation in the presentation.

Selected to participate on the Northeast EEO Advisory Committee. Appointed Vice Chairperson during the first term and was responsible for creating and maintaining reports on the committee's various operations, such as: celebrations and other projects, activities of the sub-committees, hours utilization reports and overall status reports. Awarded a Star Award for my performance during the first year. During my second term, I was responsible for preparing a presentation to the Operating Committee proposing a cross-over program for employees in grades 11 and below. Served as Chairman during my third term, awarded a Star Award.

**Leonard C. Glenn SF-171**                                        Page 3

Served as the Wayne Field Office Training Coordinator. Responsible for monitoring the training and individual development plans for the assistant examiners and trainees. Involved in field office recruiting. Coordinated school assignments with New York Regional Office and DOS Training Center. Received a letter of commendation from Regional Director Nicholas J. Ketcha regarding this assignment.

Developed the Minority Recruiting Task Force in the New York Region. The task force was responsible for recruiting minorities at Historically Black Colleges and Universities. Other regions have adopted this concept. The Boston Region was recruiting jointly with New York. Received a Special Act Award based upon my participation in this effort.

Served on a regional committee that was responsible for developing an employment application processing system. Set regional guidelines for scoring SF-171's, devised form letters as required by internal audit for all SF-171's received by the regional office and devised a tracking system to be used by the regional and field offices.

Served on New York Regional Training Committee. Reviewed the FDIC Examiner Training and Development Policy and Procedures Manual in September 1995 and made substantive suggestions which were subsequently implemented. Further, this committee designed a New York Regional Training Program in 1993 and implemented and facilitated training for a new assistant examiner rating form, which was utilized Region-wide. I was responsible for conducting the training at the Metro and Wayne Field Offices.

Detailed to the Training Center for 90 days serving in the capacity of Acting Course Administrator (EDP). Primary responsibilities were: to coordinate instructor and student assignments with Regional Training Coordinators; resolve scheduling and other conflicts; analyze course critiques and summarize student appraisals of course content and instruction; assist in the development or revision of existing courses; prepare memorandum to the FFIEC or other Agencies to expedite Training Center activities; open and close classes; and, verify that proper materials were available.

**Leonard C. Glenn SF-171**                                                     **Page 4**

## QUALITY RANKING FACTORS

1) I have conducted a number of Bank Secrecy and Anti-Money Laundering examinations during my 28 year career. Several of these examinations were at the largest institutions in my field office. Of note is the examination at which I discovered that the institution was apparently involved in money laundering activity. A highly detailed memorandum outlining the facts surrounding this alleged activity and a recommendation resulting from the preparation of the Civil Money Penalty Matrix were forwarded to the Regional Director. Also of note is my 120-day detail to FinCEN's Office of Regulatory Compliance and Enforcement. The detail included processing pending Bank Secrecy Act ("BSA") civil penalty cases and responding to BSA related inquiries on FinCEN's "Regulatory Hotline" and Webmaster. I also worked on a number of other important projects pertaining to BSA compliance and money laundering, crucial to the administration and enforcement of the BSA. Finally, I was selected to participate in the FDIC's anti-terrorist financing technical assistance program, where I have been involved in a "train-the-trainer" session and provided comments regarding the Iraq Anti-Money Laundering and Anti-Criminal Financing Act of 2004. I recently performed an EOI detail to the New York Regional Office as Acting Special Activities Case Manager. During this assignment, I was responsible for fulfilling pre-planning requests for BSA information, checking names against the IRS-DCC database, and reviewing and responding to various fraud, BSA/AML, and suspicious activity related correspondence.

2) My oral communications skills have allowed me to effectively interface, on an ongoing basis, with Regional Office management, officials at state and federal regulatory agencies, the public, other FDIC divisions, and bank boards of directors and management. As a Union representative, I have attended meetings with senior management that involved the resolution of issues and problems. As a past member of the Executive EEOAC (CDAC), I was responsible for participating in meetings with the Chairman and Chief Operating Officer of the FDIC. I presented the recommendations of the Stakeholder Representatives to the Diversity Steering Committee and Senior Executive Council for the rollout of the Diversity Strategic Plan. I conducted MDPS and inter-agency EDP examinations which require administrative coordination and cooperation with other regulatory agencies.

3) Excellent written communication skills. I have consistently displayed the ability to write objective, accurate, concise and timely examination and visitation reports. In my capacity as Review Examiner, I was responsible for reviewing the completed reports of examination for tone, content and format. I have prepared several examination reports on problem institutions, both Safety and Soundness and EDP. I have reviewed new bank, branch, management change and brokered deposit applications. I have drafted a number of enforcement actions including Memorandums of Understanding and Orders to Cease and Desist. As Project Leader for the DSC, I was responsible for writing and editing the Diversity Annual Report; completing several projects which required in-depth analysis; and, met with the DSC to report on the progress of the team and to provide recommendations to the committee.

**Leonard C. Glenn SF-171**                                                        **Page 5**

4) Throughout my career, I have had to interface with a wide range of individuals.  I have worked with numerous bankers, board members, regulators, politicians, civic leaders, religious leaders and the general public.  Within the Corporation, I have worked with all individuals from all organizational levels.  I always represent myself in a professional manner.

5)  As a bank examiner, my responsibilities include analyzing operating programs at every examination.  Whether it is the audit program, the training program or the Bank Secrecy program, all of these programs have factors and standards which are analyzed to determine their effectiveness.  Throughout my tenure with the FDIC, I have been preparing reports of examination and recommending regulatory action.    As a senior examiner, I receive the most complex and/or controversial assignments.  As Chairperson of the Northeast EEOAC, it was my responsibility to present the facts regarding various issued affecting the workplace to the Chairman's office.  While serving on detail to the Training Center, I analyzed course critiques for the EDP courses and summarized student appraisals of course content and instruction

## EDUCATION

Northeastern University
B.S. in Business Administration, 1978     Major - Finance

| | |
|---|---|
| Management Excellence Program - Team Leader School | Emerging Issues |
| Management Workshop | Real Estate Appraisal |
| Advanced Bank Analysis | White Collar Crime |
| Managing Other People's Writing | Interest Rate Risk |
| Commercial Loans to Business | Time Management |
| PC Coordinator | Recruiter's Training |
| Consumer Protection School | EDP Workprogram |
| Off Balance Sheet Risk | Advanced Microcomputer Training |
| Income Property Lending | Small System Computer Training |
| Field Examiner's Advanced Automation Training | Fundamentals of Data Processing |

Train the Trainer – Anti-Money Laundering Training
Office of Personnel Management - Recruiter's Training - 1993
Office of Personnel Management - Structured Interviewing - 1993
USDA Graduate School - EEO for Advisory Committee Members - 1997
USDA Graduate School - Managing Diversity - 1997

Leonard C. Glenn SF-171                                           Page 6

## AWARDS

**Chairman's Excellence Award - December 1995**

This award is given to career employees who have demonstrated extraordinary dedication,
competence, imagination and leadership related to the mission, vision and values of the
Corporation. It was noted that my efforts favorably affected my co-workers and corporate-wide
initiatives.

Corporate Success Award - 2004
Mission Achievement Award – July 10, 2003
Corporate Diversity Award – November 17, 2000
Special Act or Service Award – June 6, 2000
Y2K Appreciation Award – February 24, 2000
Special Act or Service Award - November 24, 1998
Sustained Superior Performance - April 23, 1997
Special Act or Service Award - April 20, 1996
Sustained Superior Performance - February 8, 1996
Special Achievement Award - August 30, 1993
Special Achievement Award - October 29, 1992
Star Award – 1998, Star Award – 1998,  Star Award – 1999,  Star Award - 1999
Star Award – 2003, Star Award –  2003,  Star Award - 2003

Federal Deposit Insurance Corporation
**Performance Management Program**
**PERFORMANCE PLAN AND EVALUATION**
**Examiners (Commissioned)**

## SECTION A: EMPLOYEE INFORMATION

| EMPLOYEE NAME     *(Last, First, MI)*<br>Glenn,Leonard C | SOCIAL SECURITY NUMBER |
|---|---|
| POSITION TITLE<br>EXAMINER | PAY PLAN / SERIES / GRADE<br>CG / 0570 / 13 |
| DIVISION/OFFICE<br>DIV OF SUPERVISION & CONSUMER | LOCATION<br>WAYNE, NJ |

| PURPOSE OF EVALUATION   *(Check one)* | RATING PERIOD | | | |
|---|---|---|---|---|
| | FROM | | TO | |
| | MONTH | YEAR | MONTH | YEAR |
| [X]  Annual | 09 | 2002 | 08 | 2003 |
| [ ]  Other  *(Specify)* _____ | | | | |

## SECTION B: PERFORMANCE CRITERIA

| | Meets | Does Not Meet |
|---|---|---|
| **01.    Technical Skills:**<br><br>Development and maintenance of technical knowledge and skill needed to perform the duties of an examiner; i.e., familiarity with FDIC policies and procedures, federal banking statutes and regulations, micro-computer applications, industry trends and other external factors with an impact on the financial sector.<br><br>Demonstrates knowledge of relevant banking statutes, internal and external policies and procedures, professional standards, industry practices, and microcomputer applications. Consistently demonstrates a high level of awareness of agency objectives and knowledge of methodologies to meet those objectives. Stays abreast of industry trends, economic issues, and other external factors which affect the financial sector. Applies technical knowledge effectively and independently. Work requires only occasional guidance from the supervisor. | [X] | [ ] |
| **02.    Analytical Skills:**<br><br>Application of technical knowledge to reach conclusions and solve problems both independently and from information provided by others.    It also measures use of judgement and ability to make decisions.<br><br>Effectively applies technical knowledge to develop consistently sound and accurate conclusions. Conclusions reflect a sound understanding of priorities relative to the size and complexity of the assignment.  Normally demonstrates sound judgement in making decisions and recommendations. Seeks appropriate guidance in unusual circumstances. Identifies substantive issues, which are thoroughly and accurately researched and analyzed. | [X] | [ ] |
| **03.    Organizational Skills:**<br><br>Ability to plan, organize, delegate, implement, and monitor assignments, examinations, or examination programs; ability to effectively manage time and resources; achieve deadlines; recognize and respond to changing priorities and circumstances; and adhere to policy.<br><br>Makes productive use of time relative to the nature and difficulty of the assignment and the relevant importance of the issues.  Submitted work products, administrative reports, memoranda, etc., on time. Effectively deals with problems normally encountered, keeps supervisor informed, and seeks supervisory guidance when new or unusual problems arise.  Represents and supports FDIC positions, policies, and objectives within the Corporation and with employees in the banking industry.  As | [X] | [ ] |

## SECTION B: PERFORMANCE CRITERIA

| | Meets | Does Not Meet |
|---|:---:|:---:|
| appropriate, equitably and efficiently assigns tasks to others. Supervises and directs activities to ensure completion of quality products in a timely fashion. Reviews and provides feedback on others' performance and accepts responsibility for the quality of their work. Completes additional assignments and developmental activities as assigned. | | |
| **04.   Oral Communication Skills:**<br><br>Ability to listen to differing opinions, negotiate and obtain commitment, and convey information in a clear, concise manner.<br><br>Projects self-confidence, tact, discretion, and diplomacy when dealing with others. Presentations are well prepared, fully effective and exhibit professionalism. Recommendations and conclusions are presented persuasively and in a tone and manner which take into account the viewpoint and knowledge of the audience and encourage a positive response. | ☒ | ☐ |
| **05.   Written Communication Skills:**<br><br>Quality and effectiveness of written products.<br><br>Narrative comments reflect proper grammar and spelling. Written products are neat, legible, organized, properly formatted, and conform to FDIC guidelines. Extent of documentation used to support conclusions is appropriate. | ☒ | ☐ |

## SECTION C: SUMMARY RATING        ☒ Meets Expectations        ☐ Does Not Meet Expectations*

\* A rating of "Does Not Meet" on any performance criterion results in an overall rating of "Does Not Meet Expectations"

| Signature of Employee | | Date  10-23-03 |
|---|---|---|
| Signature of Rating Official | | Date  10-23-03 |
| Signature of Reviewing Official | | Date |

## SECTION D: RATING OFFICIAL/EMPLOYEE/REVIEWING OFFICIAL COMMENTS

**Name:**    Glueckert, Kevin J

**Comments:**

Mr. Glenn is one of the senior examiners in the Wayne Field Office and is highly respected by his peers, other regulators, and industry personnel. During this rating period he exhibited strong technical and analytical skills, good organizational skills, and effective communication skills. He possesses a broad knowledge of bank examination techniques, regulatory processes, and industry practices. During the 2002-03 PMP Cycle, he participated in multiple examination assignments, volunteered to assist on out-of-office examinations, and willingly provided support in non-examination related areas.

Mr. Glenn's technical and analytical skills are evidenced by his accomplishments as EIC. During this rating period Mr. Glenn was EIC at three examinations of institutions with total assets ranging from $52 million to $5 billion. As EIC at these institutions, he effectively dealt with a myriad of issues such weaknesses in interest rate risk management, poor earnings performance, apparent violations of various federal banking regulations, and poor management and board oversight. At the examination of a $56 million commercial bank, Mr. Glenn appropriately recommended the downgrade of management to a "3" despite satisfactory to strong financial indicators. Mr. Glenn's assessment of management reflected excessive apparent violations of law, failure to implement regulatory recommendations at previous examinations, and weaknesses in the bank's internal audit program and interest rate risk management program. Mr. Glenn's technical and analytical skills were further evidenced by his EOI detail to the NYRO as Acting Special Activities Case Manager. During this detail assignment, Mr. Glenn was responsible for fulfilling pre-planning requests for BSA information, checking names against the IRS-DCC database, and reviewing and responding to various fraud, BSA/AML, and suspicious activity related correspondence. Mr. Glenn's performance on this detail was such that he was nominated for STAR Award.

Mr. Glenn capably organizes resources to ensure that examinations are conducted in an efficient fashion. His pre-examination planning memoranda accurately identify areas of focus and effectively outlines needed resources. During this rating period he oversaw three examinations in an efficient fashion, completing each examination within acceptable time frames given the complexity of issues identified, and size of these institutions.

**SECTION D: RATING OF ___ E EMPLOYEE / REVIEWING OFFIC ___ COMMENTS**

Mr. Glenn possesses effective communication skills. His written work products consisted of ROE comments where he was EIC, pre-planning memoranda, report comments and work papers generated while assisting on examinations, and other pertinent memoranda. His written communication skills were evidenced by his ROE of a $57 million commercial bank. At this examination, Mr. Glenn recommended a downgrade in the management component due to excessive apparent violations, inadequate internal audit, and senior management and board's failure to implement regulatory recommendations from previous examinations. Mr. Glenn's written comments adequately supported his rationale for lowering this component despite noted improvement in the bank's overall financial condition. Mr. Glenn also exhibited effective oral communication skills during this rating period. For example, at the board meeting following the examination of the $57 million commercial bank, Mr. Glenn described the weaknesses identified and the reasoning behind the recommended management rating in a clear, effective fashion. Although the board and senior management expressed reservations regarding the assessment this component, Mr. Glenn's commentary strongly supported the proposed rating.

Further illustrating his support of FDIC examination programs and other corporate initiatives is his EOI submission to be an AML instructor at an FFIEC School, his strong support of the FDIC's Money Smart Program for which he received a Mission Achievement Award, and the positive comments received from a $5 billion savings bank regarding Mr. Glenn and his examination team.

# EXHIBIT B

**FDIC**
FEDERAL DEPOSIT
INSURANCE CORPORATION
INSURING AMERICA'S FUTURE

Bankers

**EXHIBIT G3a**

| | | | | | | |
|---|---|---|---|---|---|---|

| | |
|---|---|
| VACANCY ANNOUNCEMENT: | 2004-HQ-2582 |
| AMENDMENT: | A2 extends closing date to 06/25/04. |
| OPENING DATE: | 6/7/2004 |
| CLOSING DATE: | 6/25/2004 |
| POSITION: | REVIEW EXAMINER |
| PAY PLAN-SERIES GRADE: | CG-0570-14/13 |
| FULL PERFORMANCE LEVEL: | CG-14 |
| GRADE AND SALARY RANGE: | 14  $82,428 - $133,267<br>13  $72,589 - $117,359<br><br>The salary range reflects total compensation including basic pay and applicable locality adjustment. |
| LOCATION: | Division of Supervision and Consumer Protection, Risk Management & Applications Branch, Special Activities Section Washington DC Metro Area, DC |
| POSITION OPEN TO: | FDIC Permanent Employees in the Competitive Service |
| NUMBER OF VACANCIES: | Multiple |
| AREA OF CONSIDERATION: | Nationwide |
| TYPE OF APPOINTMENT: | PERMANENT COMPETITIVE SERVICE |

**NOTE: The incumbent of these positions will be subject matter experts on the Bank Secrecy Act. Three positions will be filled under this announcement, one permanent and two on "five year rotational assignments". Please indicate in your application package whether you are applying only for the permanent positon or for all three. Upon completion of the rotational assignments, the persons selected will return to their previous positions or equivalent in the previous organization. Those selected for rotational assignment not presently CG-14 or** equivalent will receive a one grade permanent promotion. Any subsequent promotion necessary to reach the CG-14 target grade level will be temporary/term.
A CG-12 employee selected for this assignment will be promoted to CG-13 on a permanent basis, promotion to CG-14 will be temporary or term. Employee will return to CG-13 upon completion of the Washington Bank Secrecy assignment.
A CG-13 employee selected for this assignment will be promoted to CG-14 on a permanent basis, employee will remain a permanent CG-14 upon completion of the Washington Bank Secrecy assignment.

**CONDITIONS OF APPOINTMENT:**
The FDIC is barred from accepting or considering political recommendations regarding appointment or any other personnel action by 5 USC 3303; any violation of the bar on recommendations is a prohibited personnel action. The FDIC is obligated to take appropriate adverse action against employees who solicit, or Corporation officials who consider prohibited political recommendations.

Candidates who are tentatively identified for appointment must meet suitability requirements for Federal employment prior to appointment. FDIC may request applicant to provide additional information prior to making a formal offer of employment, as required by 12 CFR Part 336.

This agency provides reasonable accommodation to applicants with disabilities where appropriate. If you need a reasonable accommodation for any part of the application and hiring process, please notify Greg Cofer, Deputy Director of FDIC's Office of Diversity and Economic Opportunity on (202) 416-4482. Determinations on requests for reasonable accommodation will be made on a case-by-case basis.

Position Sensitivity: Moderate Risk–Minimum Background Investigation (MBI) Required. See "Personnel Suitability Program", FDIC Circular 2120.1.

Applicants tentatively selected for this covered position must complete a Confidential Financial Disclosure SF-450 (FDIC Form 2410/05) prior to receiving an official offer from the Human Resources Branch.

Examiners must maintain the highest personal ethical standards as provided in Part 336 of the FDIC's Rules and Regulations (Employee Responsibilities and Conduct). Examiners must comply with Section 3201.102 of Supplemental Standards of Ethical Conduct for FDIC Employees (5 CFR Part 3201), which, in part, prohibits them and their immediate families from accepting credit from State nonmember banks. All examiners are prohibited from:
* Obtaining any loan or line of credit, other than a credit card, from any insured state nonmember bank or its subsidiaries. Field examiners may have a credit card, issued under the same terms and conditions available to the public, from an insured state nonmember bank outside of their field office of assignment. Any extensions of credit held by the examiner, the examiner's spouse, or any dependent children are direct or indirect extensions of credit to the examiner;
* Accepting a loan or gratuity from any insured depository institution that the examiner has ever examined;
* Participating in any examination, or other matter, involving an insured depository institution or any person with whom the examiner has an outstanding loan or line of credit;
* Performing any service for compensation with any bank, or for any officer, director, or employee thereof, or for any person connected therewith;
* Disclosing any confidential information from a bank examination report except as authorized by law; and
* Soliciting or accepting a gift from a prohibited source or because of the examiner's official position. There is no $20 gift exception for examiners.

This position requires occasional overnight travel.

Relocation benefits may be applicable in accordance with FDIC's General Travel Regulations administered by the Division of Finance. Anyone selected for this position with a question regarding relocation should contact the Administrative Officer in the division or office.

An employee who accepts a position at a grade lower than his or her current permanent grade under this announcement will have his or her basic pay set at the current permanent rate of pay or the maximum rate for the lower graded position, whichever is less.

**SUMMARY OF DUTIES:** Serves as a subject matter expert for examination programs and issues related to the Bank Secrecy Act; 31 CFR 103, financial record keeping and reporting or currency and foreign transactions regulations: the USA PATRIOT Act; anti-money laundering programs; the Bank Protection Act of 1968; and various types of internal and external bank crimes and misconduct in the banking industry. Serves as a resource to Regional Office staff and examiners on matters related to these examination programs. Develops and conducts training for staff on examination procedures/issues regarding these programs. Maintains liaison with other bank regulatory agencies, investigative agencies and law enforcement offices in regard to bank protection, fraud and embezzlement and investigative matters. Directs background checks for: (a) individuals proposing to enter the banking industry; and (b) administers background checks pursuant to Section 19 of the FDI

Act. Handles requests under the provisions of Part 309 for release of information from examination reports to parties outside the Corporation that would otherwise be exempt from disclosure. Maintains and monitors information contained in systems of records subject to Privacy Act restrictions. Replies to correspondence and inquiries from banks, government agencies, businesses, and members of the public on matters pertaining to the Bank Secrecy Act, the USA PATRIOT Act, the Bank Protection Act of 1968, employment, and banking industry related crime. Prepares letters, memoranda, and other correspondence implementing or interpreting laws, regulations, or procedures within the purview of the section. Prepares reports and analyses for administered programs. Represents the Corporation in interagency activities pertaining to any of the examination programs assigned to the section. Participates in conferences, meetings or educational forums on special activities issues.

**QUALIFICATIONS REQUIRED:** (This is a summary only, see USOPM Qualifications Standards Handbook) U.S. CITIZENSHIP IS REQUIRED.
For CG-13, candidates must have one year of specialized experience examining, or supervising examination of, financial institutions equivalent at least to the CG-12 level. For CG-14, candidates must have one year of specialized experience examining, or supervising examination of, financial institutions equivalent at least to the CG-13 level.
Candidates who have not been FDIC Commissioned Safety and Soundness Examiners must provide evidence in their applications of satisfying commissioning criteria comparable to that of the FDIC's safety and soundness commissioning requirements.

**QUALITY RANKING FACTORS (Desirable Knowledge, Skills, Abilities):**

* Knowledge of rules, regulations, policies, and law relating to the Bank Secrecy Act, the USA PATRIOT Act, the Bank Protection Act of 1968 and other Federal statutes pertaining to bank fraud and banking industry crime.

* Ability to communicate orally to gather information, make presentations, relate findings, and provide recommendations.

* Ability to communicate in writing to prepare reports, analyses, recommendations, and various types of correspondence.

* Ability to work with a broad range of people from different backgrounds and organizational levels.

* Ability to analyze information to identify problems or issues and make recommendations and/or present findings.

**EVALUATION METHODS:**
Applicants will be evaluated on the basis of information provided in their application package as to their paid or volunteer experience, training, self-development and awards; knowledge, skills and abilities; and, performance appraisals. Failure to provide specific information regarding the selective and/or quality ranking factors described in this vacancy announcement could result in your application not being referred to the selecting official for consideration.

**FDIC CAREER TRANSITION ASSISTANCE PLAN (CTAP):**
Individuals who have special priority selection rights under the FDIC Career Transition Assistance Plan (CTAP) must be well-qualified for the position to receive consideration for special selection priority. CTAP eligibles will be considered well-qualified if they possess the knowledge, skills, and abilities which clearly exceed the minimum requirements of the position. A well-qualified CTAP eligible must be able to satisfactory perform the duties of the position upon entry without additional training.

Please annotate your application to reflect that you are applying as a CTAP eligible. Check the fact sheet links available on our Careers at FDIC web site for further information about the program.

**HOW TO APPLY:**
Applications for this announcement will be accepted only if they are e-mailed, faxed or hand delivered. A copy of candidates' last automated PMP performance evaluation will be added to their application packages by DOA Chicago.
* All application material for each position must be included with your original submission. Material received after the closing date will not be considered.
* We recommend that you include with your application, descriptions or examples of experience which demonstrate your possession of the knowledge, skills and abilities identified in the qualification requirements and ranking factor sections of this vacancy announcement.

* In order to apply, you need to submit one of the following documents:
- OF-612, Optional Application for Federal Employment;
- SF-171, Application for Federal Employment;
- Your resume.
* Whichever document you submit must include all the following information:
- The position title, announcement number and location(s) you want to be considered for on the first page of your application;
- Your name, address, Social Security Number and telephone numbers where you can be reached during the day.
A separate narrative statement addressing the quality ranking factors is strongly recommended.

We will accept applications submitted by e-mail, fax or hand delivered in that order of preference. Please limit the length of application packages sent by fax to no more than 10 pages. You may use another delivery method for longer packages.

For further information contact Jerry Markham at 312-382-6816 or Karen Jones at 312-382-6827.

| | |
|---|---|
| **MAILING ADDRESS FOR APPLICATIONS:** | e-mail your application package to HQDSCJobs@FDIC.gov or fax to 312-382-6860. |
| **WALK-IN ADDRESS:** | FDIC Human Resources, 1730 Pennsylvania Avenue NW, 5th Floor, Washington DC. |

**YOUR APPLICATION MUST BE RECEIVED BY 6/25/2004**

**FDIC is an equal opportunity employer.**

**Applications will be considered without regard to race, color, religion, gender, national origin, age, marital status, disability, political affiliation, sexual orientation, or any other non-merit factor.**

GM1224A/001865

**Return to Careers at FDIC**

Careers at FDIC

Home   Contact Us   Search   Help   SiteMap   Forms
Freedom of Information Act   Website Policies   FirstGov.gov

# EXHIBIT C

Item 3 H

EXHIBIT G3c

## Reassignment Referral Memorandum

DATE:       7/12/04
TO:         Selecting Official
FROM:       Jerry Markham
            Personnel Management Specialist
SUBJECT:    REVIEW EXAMINER, CG-0570-13/14
            Headquarters-Washington DC
            Announcement No.: 2004-HQ-2582
            DSC, Risk Management & Applications Branch, Special Activities Section, Washington DC

The following candidate(s) may be considered for the position stated above as an exception to merit promotion in accordance with FDIC Circular 2110.2. These candidates previously occupied or currently occupy a position in the Federal Service with a permanent target grade that is at or above the target grade level of the subject position.

Consistent with guidance issued by the Personnel Services Branch (PSB) in October 2000, you may make a tentative job offer with concurrence of PSB. PSB will make the formal offer of employment.

Please indicate action to be taken by marking "S" for Selection, "D" for Declination, or "NS" for Non-Selection. You may indicate alternate selectees in order of preference ("S1" for first choice, "S2" for second choice etc.). In the event the first selectee declines or is otherwise unavailable for appointment, we will contact you prior to taking further action.

After you have identified your action, please sign and date this memorandum and return it, along with all materials to the PSB Certifying Official by 9/10/04.

| CG-14 ELIGIBLES | Race | DOB | PRIOR EEO Activity | ACTION |
|---|---|---|---|---|
|  | E | 10-13-69 | N | NS |
|  | E | 8-3-62 | N | NS |
| WALKER, ERIC | E | 4-29-67 | N | S |

(E) Caucasian

PERMANENT ONLY.

|  | Print Name | Signature/Date |
|---|---|---|
| PSB Certifying Official: |  | [signature] 7/12/04 |
| Selecting Official: | Lisa D. Arquette | Lisa D. Arquette (8/13/2004) |
| Approving Official: | LISA K. ROY | Lisa K. Roy 8/13/04 |

## Merit Promotion Roster

| Location/Division/Office | Issue Date 7/12/04 |
| --- | --- |
| DSC, Risk Management & Applications Branch Special Activities Section | Announcement No. 2004-HQ-2582 |
| | Position Title/Series/Grade REVIEW EXAMINER CG-0570-13/14 |

**INSTRUCTIONS FOR SELECTING OFFICIAL:** The candidates listed below may be considered for the subject position. Selections from this roster must be made by the DUE DATE, which may be extended with approval from the Personnel Services Branch (PSB).

> Due Date: 9/10/04

To assure full consideration, if one candidate is interviewed, every reasonable effort should be made to interview all candidates. After the review and interview process is complete, please select or non-select the candidates, indicating "S" for select and "NS" for non-select in the "Action" column below. If no selection is made, indicate the reason in the "Remarks" section. Please do not notify any of the candidates without prior concurrence of the Personnel Services Branch.

Sign, date and return this roster and all attachments to: PSB, Headquarters-Washington DC Personnel Services Sections. Questions may be addressed to the PSB Certifying Official who has signed in the space below.

| Applicants | | | Action |
| --- | --- | --- | --- |
| **CG-13-ELIGIBLES** | RACE | DOB | PRIOR EEO Activity |
| BASNETT, HEATHER L. | E | 4-1-71 | N | S |
| | E | 8-21-42 | N | NS |
| | B | 12-6-50 | N | NS |
| | C | 2-9-64 | Y | NS |
| | E | 8-2-47 | N | NS |
| | E | 11-22-61 | N | NS |
| SPRATLEY, TONYA L. | C | 9-15-71 | N | S |

(B) Asian or Pacific Islander
(C) African American
(E) Caucasian

PERMANENT AND ROTATIONAL.

Note: You are advised not to make any job offers or tentative job offers without the concurrence of your servicing personnelist.

Remarks:

| SB CERTIFYING OFFICIAL _(signature)_ 7/12/04 | TELEPHONE NUMBER 812-382-6816 |
| --- | --- |
| SELECTING OFFICIAL (Print and Sign Name) & DATE Lisa D. Arquette _(signature)_ August 13 2004 | DIV/OFF APPROVING OFFICIAL & DATE _(signature)_ Kay 8/13/04 |

FDIC Form 2110/19 (1-94)

# Reassignment Referral Memorandum

**DATE:**    7/12/04

**TO:**    Selecting Official

**FROM:**    Jerry Markham
Personnel Management Specialist

**SUBJECT:**    REVIEW EXAMINER, CG-0570-13/14
Headquarters-Washington DC
Announcement No.: 2004-HQ-2582
DSC, Risk Management & Applications Branch, Special Activities Section, Washington DC

The following candidate(s) may be considered for the position stated above as an exception to merit promotion in accordance with FDIC Circular 2110.2. These candidates previously occupied or currently occupy a position in the Federal Service with a permanent target grade that is at or above the target grade level of the subject position.

Consistent with guidance issued by the Personnel Services Branch (PSB) in October 2000, you may make a tentative job offer with concurrence of PSB. PSB will make the formal offer of employment.

Please indicate action to be taken by marking "S" for Selection, "D" for Declination, or "NS" for Non-Selection. You may indicate alternate selectees in order of preference ("S1" for first choice, "S2" for second choice etc.). In the event the first selectee declines or is otherwise unavailable for appointment, we will contact you prior to taking further action.

After you have identified your action, please sign and date this memorandum and return it, along with all materials to the PSB Certifying Official by 9/10/04.

| CG-14 ELIGIBLES | RACE | DOB | PRIOR EEO ACTIVITY | ACTION |
|---|---|---|---|---|
| ~~_____~~ | E | 10-13-69 | N | NS |
| ~~_____~~ | E | 8-3-62 | N | NS |
| GLENN, LEONARD | C | 5-5-55 | Y | NS |
| ~~_____~~ | E | 4-29-67 | N | NS |

(C) African American
(E) Caucasian

*ROTATIONAL ONLY.*

| | Print Name | Signature/Date |
|---|---|---|
| PSB Certifying Official: | | _J. Van Osheim_ 7/12/04 |
| Selecting Official: | _Lisa D. Arquette_ | _Lisa D Arquette_ 8/13/04 |
| Approving Official: | _LISA K. ROY_ | _Lisa K Roy_ 8/13/04 |

## Merit Promotion Roster

| Location/Division/Office | |
|---|---|
| | **Issue Date** 7/12/04 |
| DSC, Risk Management & Applications Branch Special Activities Section Washington, DC | **Announcement No.** 2004-HQ-2582 |
| | **Position Title/Series/Grade** REVIEW EXAMINER CG-0570-13/14 |

**INSTRUCTIONS FOR SELECTING OFFICIAL:** The candidates listed below may be considered for the subject position. Selections from this roster must be made by the DUE DATE, which may be extended with approval from the Personnel Services Branch (PSB).

**Due Date: 9/10/04**

To assure full consideration, if one candidate is interviewed, every reasonable effort should be made to interview all candidates. After the review and interview process is complete, please select or non-select the candidates, indicating "S" for select and "NS" for non-select in the "Action" column below. If no selection is made, indicate the reason in the "Remarks" section. Please do not notify any of the candidates without prior concurrence of the Personnel Services Branch.

Sign, date and return this roster and all attachments to: PSB, Headquarters-Washington DC Personnel Services Sections. Questions may be addressed to the PSB Certifying Official who has signed in the space below.

| Applicants | Action |
|---|---|
| CG-14 ELIGIBLES   RACE   DOB   PRIOR EEO Activity | |
| C   2-18-52   N   NS | |
| D   7-12-54   Y   NS | |

(C) African American
(D) Hispanic

_PERMANENT AND ROTATIONAL._

Note: You are advised not to make any job offers or tentative job offers without the concurrence of your servicing personnelist.

Remarks:

| B. CERTIFYING OFFICIAL   7/12/04 | **TELEPHONE NUMBER** 312-382-6818 |
|---|---|
| SELECTING OFFICIAL (Print and Sign Name) & DATE   Lisa Arquette   Lisa D. Arquette 8/13/2004 | DIV/OFF. APPROVING OFFICIAL & DATE   8/13/04 |

FDIC Form 2110/19(1-94)

# EXHIBIT D

Case 1:07-cv-02155-RMU    Document 1-6    Filed 12/05/2007    Page 55 of 91
Case 2:07-cv-01691-SRC-CCC    Document 11-2    Filed 08/13/2007    Page 26 of 26
Page 1 of 1

## Hope Pordy

**From:** PMACDS@aol.com

**Sent:** Tuesday, December 21, 2004 11:45 AM

**To:** hpordy@spivak-lipton.com

**Subject:** Leonard Glenn EEO complaint investigation

Dear Ms. Pordy:

I am a Contract EEO Investigator with the firm of DSZ & Associates in Boston. I have been assigned to handle the investigation into a discrimination complaint filed by Leonard Glenn against FDIC, Case # FDICEO-040054. As part of the process, I need to meet with your client and take a statement from him. If you would like to be present during the interview, that is fine. Since I am coming from Boston, I can meet in your office, or at Mr. Glenn's office. I propose to do the interview on January 4, 2004 at 9 a.m. Please let me know if that date and time works for both you and your client, and where you would like to meet. Thank you. Peter Schilling 617-244-5126    I will be calling you shortly to discuss the subject of this e-mail.

12/28/2004

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------

LEONARD C. GLENN,                              :

              Plaintiff,                 :

     - against -                          :          Case No. 07-1691 (SRC) (CCC)

SHEILA C. BAIR, Chairman, FEDERAL              :
DEPOSIT INSURANCE CORPORATION,                 :
and the FEDERAL DEPOSIT INSURANCE              :
CORPORATION,                                   :
                                               :
             Defendants.                 :

-----------------------------------------------------------

## STIPULATION FOR EXTENSION OF TIME TO FILE OPPOSITION AND REPLY PAPERS IN CONNECTION WITH DEFENDANTS' MOTION TO DISMISS, OR ALTERNATIVELY, FOR CHANGE OF VENUE

IT IS AGREED by and between the undersigned attorneys for the respective parties

hereto that Plaintiff's time to file his opposition papers to Defendants' Motion to Dismiss, or

Alternatively, for Change of Venue is extended to August 13, 2007, and the time to file Defendants'

Reply papers, if any, is extended to August 20, 2007.

IT IS FURTHER AGREED that this motion shall be decided on the papers submitted,

without oral argument, pursuant to Rule 78, Federal Rules of Civil Procedure.

Accordingly, the motion date originally set for July 23, 2007 at 10:00 am, or as soon

thereafter as counsel may be heard, shall be adjourned to August 27, 2007.

Dated: July 12, 2007

By: _____

     Hope Pordy, Esq.

SPIVAK, LIPTON, WATANABE,
SPIVAK, MOSS & ORFAN, LLP
1700 Broadway, 21st Floor
New York, New York 10019
Email: hpordy@spivak-lipton.com
Ph:   212.765.2100
Fax:  212.541.5429
*Attorney for Plaintiff Leonard C. Glenn*

By: _____

     Allan B. K. Urgent

ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
970 Broad Street, Suite 700
Newark, New Jersey 07102
Email: allan.urgent@usdoj.gov
Ph:   973.297.2079
Fax:  973.297.2010
*Attorney for Defendants Sheila C. Bair, et al.*

SO ORDERED:

_____

HON. STANLEY R. CHESSLER, U.S.D.J.

2

## SPIVAK, LIPTON, WATANABE, SPIVAK, MOSS & ORFAN LLP

ATTORNEYS AT LAW

1700 BROADWAY

NEW YORK, N. Y. 10019

HAROLD P. SPIVAK (1915-1999)
———
NEIL D. LIPTON
ROY N. WATANABE
STEVEN B. SPIVAK
FRANKLIN K. MOSS
ELIZABETH ORFAN*
JAMES M. MURPHY°
SARA A. CORELLO
SAMANTHA DULANEY°△
ADRIENNE L. SALDAÑA°△
ERIC R. GREENE
GILLIAN COSTELLO

TELEPHONE
(212) 765-2100

TELECOPIERS
(212) 541-5429
(212) 765-8954

NICOLE CUDA PÉREZ
HOPE A. PORDY°
ROBERT M. LAFFERTY†◆
DENIS P. DUFFEY, JR.
LYDIA SIGELAKIS
MEREDITH W. NACHMAN
———
OF COUNSEL
STEVEN M. HOCHBERG
DALE W. SHORT▪
JOHN B. SHEPHERD▪

△ALSO ADMITTED IN CA
◆ ALSO ADMITTED IN CT
▪ ALSO ADMITTED IN DC
△ ALSO ADMITTED IN IL
† ALSO ADMITTED IN MA
° ALSO ADMITTED IN NJ
◆ALSO ADMITTED IN RI
□ ALSO ADMITTED IN VA
▪ NOT ADMITTED IN NY

July 12, 2007

**VIA ECF and**
**UPS OVERNIGHT MAIL**
Honorable Stanley R. Chesler
United States District Court
for the District of New Jersey
United States Post Office & Courthouse
1 Federal Square
Newark, New Jersey 07102

> Re:    **Leonard C. Glenn v. Sheila C. Bair, et al.**
>         **Civil Action No. 07-cv-1691 (SRC) (CCC)**

Dear Judge Chesler:

I represent Plaintiff Leonard C. Glenn in the above-referenced matter.  Enclosed for your signature is a Stipulation, executed by counsel for both parties, agreeing to an extension of time for Plaintiff to file his opposition papers to Defendants' Motion to Dismiss, or in the Alternative, for Change of Venue, filed on June 26, 2007.  Plaintiff obtained the consent of Defendants' counsel, Allan B. K. Urgent, Assistant United States Attorney, for the extension of time.  This is Plaintiffs' first request for an extension.

Thank you for your consideration.

Respectfully submitted:

Hope Pordy

Enclosure
cc (via email & 1st class mail):
    Allan B.K. Urgent, Esq.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------:
                                                            :
LEONARD C. GLENN,                                           :
                                                            :
                        Plaintiff,                          :
                                                            :
            - against -                                     :      Case No. 07-1691 (SRC) (CCC)
                                                            :
SHEILA C. BAIR, Chairman, FEDERAL                           :
DEPOSIT INSURANCE CORPORATION,                              :
and the FEDERAL DEPOSIT INSURANCE                           :
CORPORATION,                                                :
                                                            :
                        Defendants.                         :
                                                            :
------------------------------------------------------------:

## STIPULATION FOR EXTENSION OF TIME TO FILE
## OPPOSITION AND REPLY PAPERS IN CONNECTION
## WITH DEFENDANTS' MOTION TO DISMISS,
## OR ALTERNATIVELY, FOR CHANGE OF VENUE

IT IS AGREED by and between the undersigned attorneys for the respective parties

hereto that Plaintiff's time to file his opposition papers to Defendants' Motion to Dismiss, or

Alternatively, for Change of Venue is extended to August 13, 2007, and the time to file Defendants'

Reply papers, if any, is extended to August 20, 2007.

IT IS FURTHER AGREED that this motion shall be decided on the papers submitted,

without oral argument, pursuant to Rule 78, Federal Rules of Civil Procedure.

Accordingly, the motion date originally set for July 23, 2007 at 10:00 am, or as soon

thereafter as counsel may be heard, shall be adjourned to August 27, 2007.

Dated: July 12, 2007

By: _____
 Hope Pordy, Esq.
SPIVAK, LIPTON, WATANABE,
SPIVAK, MOSS & ORFAN, LLP
1700 Broadway, 21st Floor
New York, New York 10019
Email: hpordy@spivak-lipton.com
Ph:   212.765.2100
Fax:   212.541.5429
*Attorney for Plaintiff Leonard C. Glenn*

By: _____
 Allan B. K. Urgent
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
970 Broad Street, Suite 700
Newark, New Jersey 07102
Email: allan.urgent@usdoj.gov
Ph:   973.297.2079
Fax:   973.297.2010
*Attorney for Defendants Sheila C. Bair, et al.*

SO ORDERED:

_____
HON. STANLEY R. CHESSLER, U.S.D.J.

2

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**Chambers of**
## Claire C. Cecchi
United States Magistrate Judge

Martin Luther King Jr, Federal Bldg.
& U.S. Courthouse
50 Walnut Street, Room 2064
Newark, NJ 07102
(973) 645-6664

June 28 2007

To: All counsel of record

### LETTER ORDER SCHEDULING CONFERENCE
### IN AN ARBITRATION MATTER
### PURSUANT TO RULE 16

RE:    **Leonard C. Glenn v. Sheila C. Bair, et al**
**Civil Action No. 07-1691 (SRC)**

Dear Counsel:

An initial scheduling conference by telephone shall be conducted before the undersigned **11:00 a.m.** on **November 1, 2007**. Plaintiff's counsel is to initiate telephone conference.

Counsel are advised that the early disclosure requirements of Fed. R. Civ. P. 26 will be enforced. Therefore, counsel shall immediately exchange the following information without a formal discovery request:

-    identities of individuals likely to have knowledge of discoverable facts;

-    documents and things in the possession of counsel or the party;

-    identities of experts and their opinions;

-    insurance agreements in force; and

-    statement of the basis for any damages claimed.

At least fourteen (14) days prior to the conference scheduled herein, counsel shall personally meet and confer pursuant to Fed. R. Civ. P. 26(f), and **shall submit a discovery plan to the undersigned not later than 72 hours prior to the conference with the Court**. The discovery plan shall include (1) a brief summary of the claims and defenses; and (2) a proposed schedule for completing fact and expert discovery. The discovery plan may include a summary of the status of settlement negotiations. (THE DISCOVERY PLAN SHALL BE IN THE FORM ATTACHED AND SHALL BE SUBMITTED JOINTLY.)

Unless the parties stipulate otherwise, the case management order will limit the number of interrogatories (25 including subparts) and depositions (10) which each party may seek. See Fed. R. Civ. P. 26(b), (d).



At the conference, the Court will address scheduling of all motions. You may submit unopposed applications for *pro hac vice* admission with my Chambers. Please obtain consent of your adversary prior to filing your application, advising both in your cover letter and proposed Order that you have consent.

At the conference, all parties who are not appearing pro se must be represented by counsel who shall have full authority to bind their clients in all pre-trial matters. Clients or persons with authority over the matter shall be available by telephone.

Counsel for plaintiff(s) shall notify any party, who hereafter enters an appearance, of the above conference, and forward to that party a copy of this Order.

The parties must advise this Court immediately if this action has been settled or terminated so that the above conference may be cancelled.

Failure to comply with the terms herein may result in the imposition of sanctions.

**PLEASE NOTE** that this action is subject to compulsory arbitration. Your attention is directed to the content of that Rule.

**SO ORDERED this 28th day of June, 2007.**


        s/ Claire C. Cecchi
        CLAIRE C. CECCHI
        United States Magistrate Judge


Orig:  Clerk
cc:    Counsel of Record
       Carol Coleman
       File

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  | : | Civil Action No. |
| Plaintiff(s), | : | Hon. |
| v. | : | JOINT DISCOVERY PLAN |
|  | : |  |
| Defendant(s). | : |  |

1.    Set forth a factual description of the case. Include the causes of action and affirmative defenses asserted.

2.    Have settlement discussions taken place? Yes _____ No _____

    If so, when? _____

    (a)    What was plaintiff's last demand?

        (1)    Monetary demand: $ _____
        (2)    Non-monetary demand: _____

    (b)    What was defendant's last offer?

        (1)    Monetary offer:  $ _____
        (2)    Non-monetary offer: _____

3.    The parties [have _____ -have not _____] exchanged the information required by Fed. R. Civ. P. 26(a)(1). If not, state the reason therefor.

4.    Describe any discovery conducted other than the above disclosures.

5.    Generally, dispositive Motions cannot be filed until the completion of discovery. Describe any Motions any party may seek to make prior to the completion of discovery. Include any jurisdictional Motions and Motions to Amend.

6.    The parties proposed the following:

    (a)    Discovery is needed on the following subjects:

    (b)    Should discovery be conducted in phases? If so, explain.

    (c)    Number of Interrogatories by each party to each other party: _____

    (d)    Number of Depositions to be taken by each party: _____

    (e)    Plaintiff's expert report due on _____.

    (f)    Defendant's expert report due on _____.

    (g)    Motions to Amend or to Add Parties to be filed by _____.

    (h)    Dispositive motions to be served within _____days of completion of discovery.

    (i)    Factual discovery to be completed by _____.

    (j)    Expert discovery to be completed by _____.

    (k)    Set forth any special discovery mechanism or procedure requested, including data preservation orders or protective orders:

    (l)    A pretrial conference may take place on _____.

    (m)  Trial by jury or non-jury Trial?

    (n)  Trial date: _____.

7.    Do you anticipate any discovery problem(s)? Yes _____ No _____
If so, explain.

8.    Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of state witnesses or documents, etc.)? Yes _____ No _____
If so, explain.

9.    State whether this case is appropriate for voluntary arbitration (pursuant to L. Civ. R. 201.1 or otherwise), mediation (pursuant to L. Civ. R. 301.1 or otherwise), appointment of a special master or other special procedure. If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition of dispositive motions, etc.).

10.   Is this case appropriate for bifurcation? Yes _____ No _____

11.   We [do _____ do not _____] consent to the trial being conducted by a Magistrate Judge.

_____
Attorney(s) for Plaintiff(s)

_____
Attorney(s) for Defendant(s)



**United States District Court for the District of New Jersey**

**NOTICE**
**November 2004**

Dear Bar Member:

The United States District Court for the District of New Jersey implemented electronic case filing on January 5, 2004. The Case Management/Electronic Case Filing (CM/ECF) system is browser-based and accessible over the Internet. We are excited about the benefits this technology offers to the court and the bar, especially being able to file and view documents 24 hours a day from the convenience of your office or home.

Training is essential to utilize the full capabilities of this system. Attorneys are encouraged to participate in training and register to become e-filers. For your convenience, we are providing three methods of ECF training. Hands-on training classes are offered at each of our three courthouses. You can register for these classes on our web site at **pacer.njd.uscourts.gov**. There is a self-paced ECF tutorial that is accessible from our web site as well. We also offer on-site training that can be arranged at your firm depending on the number of attendees and the availability of suitable facilities by calling (973)-645-4439.

ECF registration forms can be obtained from any of our three offices or completed electronically on our website. It is strongly suggested that you familiarize yourself with the Policies and Procedures that govern the use of this System. The Electronic Case Filing Policies and Procedures are available on our web site, along with our ECF User's Guide and other useful information.

In addition to ECF access, it is recommended that a PACER (Public Access to Electronic Records) account is obtained. A PACER account will provide Filing Users with querying capabilities. PACER is a fee-for-use service offered by the Administrative Office of the United States Courts. Contact the PACER Service Center at (800)676-6856 or on-line at http://pacer.psc.uscourts.gov.

*Please be advised that documents not filed electronically but filed in the traditional manner on paper must be accompanied by a floppy diskette or a CD containing the document(s) in PDF format. Each PDF document must not exceed 2MB or 2048KB. If the paper document contains an original signature, then the electronic version contained on the diskette or CD must include a signature line with "s/" (e.g., s/Jennifer Doe).*

The real success of this system is a function of the number of lawyers who become registered e-filing users. Upon receipt of your ECF login and password, the court expects you to file electronically. Please take advantage of the CM/ECF training opportunities and become a registered e-filer before e-filing becomes mandatory. **Beginning January 31, 2005, electronic case filing will be mandatory for all civil and criminal cases other than pro se cases**.

Sincerely,

William T. Walsh
Clerk

## ALTERNATIVE DISPUTE RESOLUTION
## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

Mediation is the Alternative Dispute Resolution ( "ADR") program in this Court. Mediation is governed by Local Civil Rule 301.1. The mediation program under this rule is supervised by a judicial officer (at present United States Magistrate Judge Ronald J. Hedges) who is available to answer any questions about the program.

Any district judge or magistrate judge may refer a civil action to mediation. This may be done without the consent of the parties. However, the Court encourages parties to confer among themselves and consent to mediation. Moreover, you are reminded that, when counsel confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Civil Rule 26.1, one of the topics that must be addressed is the eligibility of a civil action for participation in ADR.

A civil action may be referred to mediation at any time. However, one of the advantages of mediation is that, if successful, it enables parties to avoid the time and expense of discovery and trial. Accordingly, the Court encourages parties to consent to mediation prior to or at the time that automatic disclosures are made pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure.

If parties consent to mediation, they may choose a mediator either from the list of certified mediators maintained by the Court or by the selection of a private mediator. If a civil action is referred to mediation without consent of the parties, the judicial officer responsible for supervision of the program will select the mediator.

Mediation is non-judgmental. The role of the mediator is to assist the parties in reaching a resolution of their dispute. The parties may confer with the mediator on an ex parte basis. Anything said to the mediator will be deemed to be confidential and will not be revealed to another party or to others without the party's consent. The first six hours of a mediator's time is free. The mediator's hourly rate thereafter is $150.00, which is borne equally by the parties.

If you would like further information with regard to the mediation program please review the Guidelines for Mediation, which are available on the Court's Web Site "pacer.njd.uscourts.gov" and appear as Appendix Q to the Local Civil Rules. You may also make inquiries of the judicial officer responsible for supervision of the program.

**Civil actions in which there are *pro se* parties (incarcerated or not) are not eligible for mediation.**

DNJ-Med-001 Rev. (10/00)

CHRISTOPHER J. CHRISTIE
United States Attorney
ALLAN B. K. URGENT
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 297-2079
Fax. (973) 297-2010
email: allan.urgent@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEONARD C. GLENN,

    *Plaintiff,*

    v.

SHEILA C. BAIR, ET AL.,

    *Defendants.*

HON. STANLEY R. CHESLER

*Civil Action No.* 07-cv-1691-SRC-CCC

NOTICE OF MOTION

To:   Hope A. Pordy, Esq.
      Spivak Lipton
      1700 Broadway, 21st Floor
      New York, NY 10019

PLEASE TAKE NOTICE, that on July 23, 2007, at 10:00 AM, or as soon

thereafter as counsel may be heard, CHRISTOPHER J. CHRISTIE, United States Attorney

for the District of New Jersey (ALLAN B. K. URGENT, Assistant United States

Attorney, appearing), as attorney for Defendants, will apply to this court for an Order.

In support of this motion, the Court is respectfully referred to the Attached

Brief, Declaration and Proposed Order, and requests that this motion be decided on

the papers submitted, without oral argument, pursuant to Rule 78, Federal Rules of

Civil Procedure.

<div style="margin-left: 40%;">

CHRISTOPHER J. CHRISTIE
United States Attorney

*s/Allan B. K. Urgent*

By: _____

ALLAN B. K. URGENT
Assistant United States Attorney

</div>

CHRISTOPHER J. CHRISTIE
United States Attorney
ALLAN B. K. URGENT
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 297-2079
Fax. (973) 297-2010
email: allan.urgent@usdoj.gov

MOTION DATE: JULY 23, 2007

*UNITED STATES DISTRICT COURT*
*DISTRICT OF NEW JERSEY*

| | |
|---|---|
| LEONARD C. GLENN, | HON. STANLEY R. CHESLER |
| *Plaintiff,* | *Civil Action No.* 07-cv-01691-SRC-CCC |
| v. | |
| SHEILA C. BAIR, ET AL., | |
| *Defendants.* | |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE FOR CHANGE OF VENUE

CHRISTOPHER J. CHRISTIE
United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102

*On the Brief:*
ALLAN B. K. URGENT
Assistant United States Attorney

PATRICIA DAVIDSON-LEWIS
Counsel, Legal Division
Federal Deposit Insurance Corporation

TABLE OF CONTENTS

Table of Authorities . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

Preliminary Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of Facts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    I.    The Proper Venue for this Complaint is the United States District Court
         for the District of Columbia. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    II.   The Only Proper Defendant in this Action is the Head of the FDIC . . 5

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ii

## TABLE OF AUTHORITIES

CASES

*Adams v. U.S. E.E.O.C.,*
    932 F. Supp. 660 (E.D. Pa. 1996) ..................................... 5

*Albright v. W.L. Gore & Assocs., Inc.,*
    No. 02-304-GMS, 2002 WL 1765340 (D. Del. July 31, 2002) .............. 3

*Ellis v. U.S. Postal Service,*
    784 F.2d 835 (7th Cir. 1986) ......................................... 5

*Golyar v. McCausland,*
    738 F. Supp. 1090 (W.D. Mich. 1990) ................................ 5

*Johnson v. Payless Drug Stores Northwest, Inc.,*
    950 F.2d 586 (9th Cir. 1991), *cert. denied*, 505 U.S. 1225 (1992) .............. 3

*Kravitz v. Inst. for Int'l Research, Inc.,*
    No. Civ. A. 92-5045, 1993 WL 453457 (E.D. Pa. Nov. 5, 1993) ........... 3

*O'Connor v. Pan Am,*
    No. 88 Civ. 5962 (KTD), 1990 WL 118286 (S.D.N.Y. May 4, 1990) ........ 3

*Rojas v. Trans States Airlines,*
    204 F.R.D. 265 (D.N.J. 2001) ..................................... 3, 4

*Stebbins v. State Farm Mut. Auto. Ins. Co.,*
    413 F.2d 1100 (D.C. Cir. 1969), *cert. denied*, 396 U.S. 895 (1969) .......... 3, 4

*Templeton v. Veterans Admin.,*
    540 F. Supp. 695 (S.D.N.Y. 1982) ................................... 3

*Thurmon v. Martin Marietta Data Sys.,*
    596 F. Supp. 367 (M.D. Pa. 1984) ................................... 5

iii

*Trujillo v. Total Bus. Sys., Inc.,*
    704 F. Supp. 1031 (D. Col. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3


STATUTES

28 U.S.C. § 1391 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

29 U.S.C. §§ 621, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

42 U.S.C. § 2000e-16(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

42 U.S.C. § 2000e-5(f)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 4

42 U.S.C. §§ 2000e, et seq. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2


REGULATIONS

29 C.F.R. § 1614.201(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5


RULES AND OTHER AUTHORITIES

Fed. R. Civ. P. 12(b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Fed. R. Civ. P. 12(b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Fed. R. Civ. P. 12(b)(6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

PRELIMINARY STATEMENT

Plaintiff Leonard C. Glenn ("Plaintiff") has filed a complaint alleging that he was denied a position with the Federal Deposit Insurance Corporation ("FDIC") in Washington, D.C., because of discrimination.  The Defendants file this pre-answer motion to dismiss, or in the alternative to change venue, because the specialized venue provision for discrimination matters, 42 U.S.C. § 2000e-5(f)(3), requires that this action be filed in the United States District Court for the District of Columbia.  The factors that must be considered for the proper venue of a discrimination matter are satisfied in that court.  The hiring decision was made in Washington, D.C., the employment records related to this event are maintained in Washington, D.C., not New Jersey, and the location of the positions at the heart of this complaint is Washington, D.C.  Accordingly, this action should be dismissed or transferred to the United States District Court for the District of Columbia.

Defendants further move to have the FDIC dismissed as a party defendant in this action as the only proper defendant in this case is the head of the FDIC, the agency alleged to have discriminated against the Plaintiff.

1

STATEMENT OF FACTS

Plaintiff brings this action under the Age Discrimination in Employment Act of

1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, et seq., and Title VII of the Civil

Rights Act of 1964 ("Title VII), as amended, 42 U.S.C. §§ 2000e, et seq.  Compl., ¶1.

He began his career with the FDIC in 1975.  *Id.*, ¶ 9.  He has been employed with the

FDIC in various positions since 1975.  *Id.*, ¶¶ 9-13.

On June 23, 2004, Plaintiff applied for a CG-570-14/13 Review Examiner position

located at the FDIC's headquarters office in Washington, D.C.  *Id.*, ¶ 14.  On August

23, 2004, Lisa Arquette, the Selecting Official, advised Plaintiff via e-mail that he had

not been selected for a Review Examiner position.  *Id.*, ¶ 21.  On April 9, 2007,

Plaintiff filed a Complaint in this federal district court.  Plaintiff resides in Montclair,

New Jersey.  *Id.*, ¶ 6.

Plaintiff alleges in the Complaint that the FDIC's failure to select him for a

Review Examiner position was discriminatory based on his age and in retaliation for

engaging in protected activity within the meaning of Title VII.  In response to the

Complaint, the Defendants file this pre-answer motion pursuant to Rules 12(b)(1),

12(b)(3) and 12(b)(6) of the Federal Rules of Civil Procedure.

As detailed in the declaration of Lisa D. Arquette, the employment practice of

which Plaintiff complains, his nonselection, occurred in Washington, D.C.  Arquette

Decl., ¶¶ 5, 8.  The case file relating to the selection process is maintained in

Washington, D.C. *Id.*, ¶ 9. Plaintiff would have worked in Washington, D.C., if he

had been selected for the position. *Id.*, ¶ 10. All actions taken by Ms. Arquette in

filling these positions were performed in Washington, D.C. *Id.*, ¶ 8.

ARGUMENT

I. The Proper Venue for this Complaint is the United States District Court for the
District of Columbia.

The venue provisions of the Civil Rights Act of 1964, as amended, 42 U.S.C. §

2000e-5(f)(3), specify which district court has venue in an employment discrimination

action. It is well settled that the general venue statute, 28 U.S.C. § 1391, does not

govern Plaintiff's Title VII claim.[1] *See Johnson v. Payless Drug Stores Northwest, Inc.*, 950

F.2d 586, 587 (9th Cir. 1991), *cert. denied*, 505 U.S. 1225 (1992); *Templeton v. Veterans

Admin.*, 540 F. Supp. 695, 696 (S.D.N.Y. 1982). Venue for Title VII purposes is more

restrictive than the general venue provision. *Stebbins v. State Farm Mut. Auto. Ins. Co.*,

413 F.2d 1100, 1102 (D.C. Cir. 1969), *cert. denied*, 396 U.S. 895 (1969); *Rojas v. Trans

States Airlines*, 204 F.R.D. 265, 267 (D.N.J. 2001). As the United States Court of

---

[1] In addition to his Title VII claim, Plaintiff also asserts a claim under the ADEA in this action. The ADEA claim is governed by the general venue statute, but "courts have consistently held that when ADEA claims are presently simultaneously with an ADA or Title VII claim, the lawsuit must be filed in the judicial district where venue is proper for both claims." *Albright v. W.L. Gore & Assocs., Inc.*, No. 02-304-GMS, 2002 WL 1765340 at *4 (D. Del. July 31, 2002); *see also Kravitz v. Inst. for Int'l Research, Inc.*, No. CIV. A. 92-5045, 1993 WL 453457 at *3 (E.D. Pa. Nov. 5, 1993); *O'Connor v. Pan Am*, No. 88 Civ. 5962 (KTD), 1990 WL 118286 at *3 (S.D.N.Y. May 4, 1990); *Trujillo v. Total Bus. Sys., Inc.*, 704 F. Supp. 1031, 1032 (D. Col. 1989).

Appeals for the District of Columbia has found, "the intent of Congress to limit venue to the judicial district concerned with the alleged discrimination seems clear." *Stebbins*, 413 F.2d at 1103.

The provisions of 42 U.S.C. § 2000e-5(f)(3) provide in relevant part that an action may be brought:

1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed,

2) in the judicial district in which the employment records relevant to such practice are maintained an administered,

3) or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

The District of New Jersey does not satisfy any of these statutory criteria. Here, virtually all of the relevant events occurred in Washington, D.C. The alleged unlawful practice of which Plaintiff complains is his failure to be hired in Washington, D.C. After a consideration in Washington, D.C., of the candidates and their qualifications, other persons were deemed better qualified for the positions than Plaintiff. Where the decision not to select Plaintiff was made is of crucial importance. *Rojas*, 204 F.R.D. at 267-268.

The Complaint does not allege any facts that show a connection between the decision not to select Plaintiff and New Jersey. The Plaintiff's residence in New

4

Jersey, standing alone, is not a proper basis for venue under the statute. *See, e.g.,*

*Thurmon v. Martin Marietta Data Sys.*, 596 F. Supp. 367, 368 (M.D. Pa. 1984).

The Arquette Declaration shows that the selections for the positions at issue were

made in Washington, D.C., the location of the contested positions is Washington,

D.C., and the records relating to the selection decisions are maintained in Washington,

D.C. Thus, the only place that the statute recognizes as an appropriate venue for this

matter is the United States District Court for the District of Columbia. Thus, this

action should either be dismissed or transferred to the docket of that court under Fed.

R. Civ. P. 12(b)(3).

II. The Only Proper Defendant in this Action is the Head of the FDIC.

The only proper defendant in a suit brought by a federal employee under either

Title VII or the ADEA is the head of the agency alleged to have discriminated. *See* 42

U.S.C. § 2000e-16(c); 29 C.F.R. § 1614.201(a); *see also Ellis v. U.S. Postal Service*, 784

F.2d 835, 838 (7th Cir. 1986); *Adams v. U.S. E.E.O.C.*, 932 F. Supp. 660, 664 n.3 (E.D.

Pa. 1996); *Golyar v. McCausland*, 738 F. Supp. 1090, 1093-95 (W.D. Mich. 1990). In his

Complaint, the Plaintiff improperly names both Sheila C. Bair, Chairman of the

FDIC, and the FDIC as defendants in this action. The FDIC should be dismissed

from this action as a party defendant based upon either lack of subject matter

jurisdiction under Fed. R. Civ. P. 12(b)(1), or based upon Plaintiff's failure to state a

claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).

5

CONCLUSION

For the foregoing reasons, the Defendants respectfully request that this action be dismissed. In the alternative, the Defendants request that this action be transferred to the United States District Court for the District of Columbia. Defendants further request that the FDIC be dismissed from this action as a party defendant.

CHRISTOPHER J. CHRISTIE
United States Attorney

s/ Allan B. K. Urgent

By:  _____

ALLAN B. K. URGENT
Assistant United States Attorney

On the brief:

PATRICIA DAVIDSON-LEWIS
D.C. Bar No. 414378
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6010)
Arlington, VA 22226
(703) 562-2315

6

## DECLARATION

1. I, Lisa D. Arquette, hereby make this declaration and state as follows:

2. I am employed by the Federal Deposit Insurance Corporation ("FDIC"). My title is Associate Director of Anti-Money Laundering and Financial Crimes Branch ("AMLFC Branch") of the Division of Supervision and Consumer Protection ("DSC") in the Washington, D.C. headquarters office of the FDIC. As the Associate Director, I have many responsibilities in the AMLFC Branch. Related to the anti-money laundering ("AML") area, my principal duties include: (a) developing and implementing strategies, policy, and procedures to address money laundering risks in depository institutions; (b) consulting with other Federal banking agencies, law enforcement, Financial Crimes Enforcement Network ("FinCEN"), and other agencies related to enforcement of the Bank Secrecy Act; (c) coordinating joint civil money penalty cases between the FDIC and FinCEN; and (d) reviewing and evaluating AML-related studies, reports, and proposals prepared by staff, financial institutions, trade groups, and other government agencies.

3. I make this declaration based upon personal knowledge unless otherwise stated.

4. I was the Selecting Official for the CG-570-14/13 Review Examiner positions advertised under Vacancy Announcement 2004-HQ-2582 for which Leonard C. Glenn applied.

5. The decision-making process leading to the selection of individuals to fill the positions was conducted at the Washington, D.C. headquarters office of the FDIC.

6. I made my selections after interviewing the top seven candidates as recommended to me by a three-person interview panel.

7. I selected the candidates that were best qualified to fill the positions based upon the FDIC's needs.

8. All of the actions that I took in filling these positions were taken at the Washington, D.C. headquarters office of the FDIC.

9. The case file relating to the selection process is maintained in our Human Resources Branch in the Washington, D.C. headquarters office.

10. Mr. Glenn would have worked at the FDIC's Washington, D.C. headquarters office had he been selected.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 25, 2007.


Lisa D Arquette
Associate Director
Anti-Money Laundering and Financial Crimes Branch
Division of Supervision and Consumer Protection
Federal Deposit Insurance Corporation
550 17th St NW, F-4010
Washington, DC  20429

CHRISTOPHER J. CHRISTIE
United States Attorney
ALLAN B. K. URGENT
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 297-2079
Fax. (973) 297-2010
email: allan.urgent@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LEONARD C. GLENN, | HON. STANLEY R. CHESLER |
| Plaintiff, | Civil Action No. 07-cv-1691-SRC-CCC |
| v. | NOTICE OF APPEARANCE |
| SHEILA C. BAIR, ET AL., | |
| Defendants. | |

This is to Notice the appearance of Christopher J. Christie, United States Attorney,

District of New Jersey, by Allan B. K. Urgent, Assistant United States Attorney, as attorney

of record for the Defendants, in the above captioned case.

Service of all notices in this case should be made upon:

Allan B. K. Urgent
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, New Jersey 07102.

CHRISTOPHER J. CHRISTIE
United States Attorney

s/Allan B. K. Urgent

By: _____

ALLAN B. K. URGENT
Assistant United States Attorney



CHRISTOPHER J. CHRISTIE
United States Attorney
ALLAN B. K. URGENT
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel. (973) 297-2079
Fax. (973) 297-2010
email: allan.urgent@usdoj.gov

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD C. GLENN, | HON. STANLEY R. CHESLER |
| *Plaintiff,* | *Civil Action No.* 07-cv-1691-SRC-CCC |
| v. | NOTICE OF APPEARANCE |
| SHEILA C. BAIR, ET AL., | |
| *Defendants.* | |

This is to Notice the appearance of Christopher J. Christie, United States Attorney,

District of New Jersey, by Allan B. K. Urgent, Assistant United States Attorney, as attorney

of record for the Defendants, in the above captioned case.

Service of all notices in this case should be made upon:

Allan B. K. Urgent
Assistant United States Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, New Jersey 07102.

CHRISTOPHER J. CHRISTIE
United States Attorney

*s/Allan B. K. Urgent*

By: _____
ALLAN B. K. URGENT
Assistant United States Attorney



Hope Pordy, Esq.
SPIVAK, LIPTON, WATANABE,
SPIVAK, MOSS & ORFAN, LLP
1700 Broadway, 21st Floor
New York, New York 10019
Email: hpordy@spivak-lipton.com
Ph:    212.765.2100
Fax:    212.541.5429
*Attorneys for Plaintiff Leonard C. Glenn*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------

LEONARD C. GLENN,

                 Plaintiff,

     - against -                        **ECF**
                                            **Case No. 07-1691 (SRC) (CCC)**

SHEILA C. BAIR, Chairman, FEDERAL
DEPOSIT INSURANCE CORPORATION,
and the FEDERAL DEPOSIT INSURANCE
CORPORATION,

                 Defendants.
----------------------------------------------------------------

## CERTIFICATE OF SERVICE

    I, Hope Pordy, hereby certify that on April 23, 2007, I caused a copy of the

Summons and Complaint in the above-captioned matter, and a copy of correspondence from

United States Magistrate Judge Claire C. Cecchi, dated April 13, 2007, requesting notification of

the name(s) of counsel for the Respondents, to be served, via certified mail/return receipt

requested, on the following:

                    Civil Process Clerk
                    The United States Attorney's Office
                    for the District of New Jersey
                    970 Broad Street, 7th Floor
                    Newark, New Jersey   07102

Office of the United States Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530-0001

The Return Receipt confirms that the aforedescribed documents were delivered to the

Civil Process Clerk, U.S. Attorney's Office for the District of New Jersey, on April 27, 2007,

and to the Office of the United States Attorney General-US. Department of Justice on April 30,

2007.

Dated: New York, New York
        May 8, 2007

_____
            Hope Pordy

Hope Pordy, Esq.
SPIVAK, LIPTON, WATANABE,
SPIVAK, MOSS & ORFAN, LLP
1700 Broadway, 21st Floor
New York, New York 10019
Email: hpordy@spivak-lipton.com
Ph:   212.765.2100
Fax:   212.541.5429
*Attorneys for Plaintiff Leonard C. Glenn*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-------------------------------------------------- ----------:

| | | |
|---|---|---|
| LEONARD C. GLENN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | **ECF** |
| - against - | : | **Case No. 07-1691 (SRC) (CCC)** |
| | : | |
| SHEILA C. BAIR, Chairman, FEDERAL | : | |
| DEPOSIT INSURANCE CORPORATION, | : | |
| and the FEDERAL DEPOSIT INSURANCE | : | |
| CORPORATION, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------- ----------:

## CERTIFICATE OF SERVICE

I, Hope Pordy, hereby certify that on April 17, 2007, I caused a copy of the

Summons and Complaint in the above-captioned matter, and a copy of correspondence from

United States Magistrate Judge Claire C. Cecchi, dated April 13, 2007, requesting notification of

the name(s) of counsel for the Respondents, to be served, via certified mail/return receipt

requested, on the following:

Sheila C. Bair, Chairman
Federal Deposit Insurance Corporation
550 17th Street, N.W., Room MB-6028
Washington, D.C. 20429

4

The Return Receipt confirms that the aforedescribed documents were delivered to

Defendant Sheila C. Bair on April 23, 2007.

Dated: New York, New York
        May 8, 2007

_____
                    Hope Pordy

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ NEW JERSEY _____

LEONARD C. GLENN,
Plaintiff,

V.

SHEILA C. BAIR, Chairman, FDIC, and FDIC,
Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07-1691 (SRC) (CCC)

TO: (Name and address of Defendant)

Federal Deposit Insurance Corporation
c/o Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C.  20530-0001

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Hope Pordy, Esq.
Spivak, Lipton, Watanabe, Spivak, Moss & Orfan LLP
1700 Broadway, 21st Floor
New York, New York 10019

an answer to the complaint which is served on you with this summons, within _____60_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

_____        4/20/07
CLERK                                DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ NEW JERSEY

LEONARD C. GLENN,
Plaintiff,

V.

SHEILA C. BAIR, Chairman, FDIC and FDIC,
Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER:   07-1691 (SRC) (CCC)

TO: (Name and address of Defendant)

Federal Deposit Insurance Corporation
c/o The United States Attorney's Office for the District of New Jersey
970 Broad Street, 7th Floor
Newark, New Jersey 07102

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Hope Pordy, Esq.
Spivak, Lipton, Watanabe, Spivak, Moss & Orfan LLP
1700 Broadway, 21st Floor
New York, New York 10019

an answer to the complaint which is served on you with this summons, within _____ 60 _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

_____
CLERK

4/20/07
_____
DATE

J. Dunlap
_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ NEW JERSEY _____

LEONARD C. GLENN,
Plaintiff,

V.

SHEILA C. BAIR, Chairman, FDIC, and FDIC,
Defendants.

### SUMMONS IN A CIVIL ACTION

CASE NUMBER:  07 - 1691 (SLC)

TO: (Name and address of Defendant)

James Lawrence, Esq.
c/o Federal Deposit Insurance Corporation
3501 Fairfax Drive (Room D-6134)
Arlington, VA 22226-3500

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Hope Pordy, Esq.
Spivak, Lipton, Watanabe, Spivak, Moss & Orfan LLP
1700 Broadway, 21st Floor
New York, New York 10019

an answer to the complaint which is served on you with this summons, within _____ 20 60 _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

_____    4/11/07
CLERK                          DATE

_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____ NEW JERSEY

LEONARD C. GLENN,
Plaintiff,

V.

SHEILA C. BAIR, CHAIRMAN, FDIC,
AND FDIC, Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: 07- 1691(SRC)

TO: (Name and address of Defendant)

Sheila C. Bair, Chairman
Federal Deposit Insurance Corporation
550 17th Street, N.W., Room MB-6028
Washington, D.C. 20429

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Hope Pordy, Esq.
Spivak, Lipton, Watanabe, Spivak, Moss & Orfan LLP
1700 Broadway, 21st Floor
New York, New York 10019

an answer to the complaint which is served on you with this summons, within _____ 60 ____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the
Clerk of this Court within a reasonable period of time after service.

# WILLIAM T. WALSH

_____          4/11/07
CLERK                             DATE

_____
(By) DEPUTY CLERK

Case 1:07-cv-02195-RMU    Document 1-6    Filed 12/05/2007    Page 91 of 91
Case 2:07-cv-01691-SRC-CCC    Document 1-2    Filed 04/09/2007    Page 1 of 1
07-1691 (SRC)

**JS 44** (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Leonard C. Glenn

### DEFENDANTS

Sheila C. Bair, Chairman, Federal Deposit Insurance Corporation, and the Federal Deposit Insurance Corporation.

**(b)** County of Residence of First Listed Plaintiff    Essex County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    District of Columbia, Wash.
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Hope Pordy, Esq., Spivak Lipton LLP, 1700 Broadway, 21st Floor, NY, NY 10019 - ph: 212.765.2100

Attorneys (If Known)

James R. Lawrence, Asst. General Counsel, FDIC, 3501 Fairfax Drive (Room D-6134), Arlington, VA 22226-3500

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☒ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from another district (specify)
- ☐ 6  Multidistrict Litigation
- ☐ 7  Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
ADEA, 29 USC Sec. 621 et seq.; Title VII of the Civil Rights Act, as amended, 42 USC Sec. 2000e et seq.

Brief description of cause:
Age discrimination and retaliation in Agency's non-selection of plaintiff for promotion

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):

JUDGE                    DOCKET NUMBER

DATE    04/09/2007

SIGNATURE OF ATTORNEY OF RECORD    Hope Pordy

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

RECEIVED CLERK U.S. DISTRICT COURT
APR 11 A 9: 36