## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**LEONARD C. GLENN**                )
                                    )
   **Plaintiff,**                   )
                                    )
        **v.**                      )        **Case No. 07-2195**
                                    )
**SHELIA BAIR,**                    )
              **Chairman,**         )
**Federal Deposit Insurance Corporation,**  )
                                    )
      **Defendant.**                )
_____)

# ANSWER

Defendant Shelia Bair, in her official capacity as Chairman of the Federal Deposit

Insurance Corporation ("FDIC"), responds to Plaintiff's Complaint as follows:

### First Defense

Plaintiff has failed to state a claim for which relief may be granted.

### Second Defense

Plaintiff has failed to exhaust administrative remedies for some or all of his claims.

### Third Defense

The Court lacks jurisdiction over some or all of Plaintiff's claims.

### Fourth Defense

Plaintiff has failed to comply with the time limits for pursuing administrative and judicial

remedies for Title VII complaints.

### Fifth Defense

Some or all of Plaintiff's claims are barred by the statute of limitations, laches, res judicata, collateral estoppel, settlement and release, or accord and satisfaction.

### Sixth Defense

Plaintiff has failed to state a prima facie case under any of the claims or causes of action he has asserted; in the alternative, assuming Plaintiff has stated a prima facie case, all conduct and actions on the part of Defendant concerning Plaintiff were wholly based on legitimate, non-discriminatory, and non-retaliatory reasons.

### Seventh Defense

Defendant reserves the right to assert additional defenses, affirmative or otherwise, upon further investigation and discovery into the matters alleged. Defendant asserts all applicable statutory limitations with respect to Plaintiff's damage claims.

### Eighth Defense

The decisions that Plaintiff challenges were based upon reasonable business factors other than age or retaliation.

### Ninth  Defense

In response to the numbered paragraphs of the Complaint, the Defendant responds as follows:

1.  Paragraph one of the Complaint is Plaintiff's statement of their case, to which no response is required. Any statements of fact are denied. To the extent an answer is deemed necessary, Defendant admits that this is a civil action arising under the Age Discrimination in Employment Act ("ADEA"), as amended, 29 U.S.C. §§ 621 et seq. and

retaliation within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. S 2000 *et. seq..*    All remaining allegations of this paragraph are denied.

2.  Subject to Defendant's affirmative defense that Plaintiff has failed to exhaust administrative remedies or otherwise fulfill statutory prerequisites for some of his claims and/or matters raised in this Complaint, Defendant admits that this Court has jurisdiction over the subject matter of this civil action.

3.  Denied.

4.  Denied.

5.  As to the first sentence, Defendant is without information sufficient to form a belief as to the exact date Plaintiff actually received notice from the EEOC Office of Federal Operations of his "Right to File a Civil Action".  As to the second sentence, Defendant admits that the record contains a notice from the EEOC Office of Operations dated January 9, 2007 and that Plaintiff filed the Civil Action on April 11, 2007.  All remaining allegations of this paragraph are denied.

6.  Admit.

7.  Admit.

8.  Admit.

9.  Defendant admits in part and denies in part the allegations of Paragraph 9 of the Complaint.    Agency records indicate that Plaintiff was promoted to a Grade 11 Commissioned Examiner in the FDIC's Albany New York office.  Defendant admits the remaining allegations in the paragraph.

10. Defendant admits that Plaintiff has worked for the FDIC as an Examiner in the Wayne Field Office.  However, Defendant denies the paragraph to the extent that FDIC records

3

indicate that Plaintiff's Duty Station changed to Totowa, New Jersey effective December 6, 1981.

11. Defendant admits that effective December 21, 1986, Plaintiff relocated to the Wayne New Jersey office.

12. Admit.

13. Defendant admits in part and denies in part the allegations of paragraph 13 as FDIC records indicate that Plaintiff no longer works in the Wayne New Jersey office. FDIC records indicate that Complainant's current duty station is the FDIC's Jamesburg, New Jersey office.

14. Admit in part. Denied in part. Defendant admits that Plaintiff submitted an application under Vacancy Announcement No. 2004-HZ-2582, CG-0570-13/14. The paragraph is denied to the extent to the extent that Plaintiff did not apply for all of the positions available per the Vacancy Announcement.

15. Defendant admits that Glenn submitted a Form SF-171. Defendant denies all remaining allegations of the paragraph..

16. Admit.

17. Admit.

18. Admit in part. Denied in part. Defendant admits the paragraph to the extent that Lisa Arquette, with the assistance of the Associate Director Lisa Roy, assembled a Merit Promotion Panel. Defendant denies the remaining allegations of the paragraph.

19. Denied.

20. Denied.

21. Admit.

22. Admit in part; Deny in part:   Defendant admits that FDIC records reflect Tanya Spratley's date of birth as September 15, 1971 and she has no prior EEO activity. Defendant also admits that Heather Basnett's date of birth is recorded as April 1, 1971 and she has no prior EEO activity.   The remaining allegations in the paragraph are denied.

23. Admit  in part, deny in part.  Admit that Complainant was not selected for the Special Activities Section Review Examiner position.  The remaining allegations in the paragraph are denied.

24. Denied.

25. Defendant admits that Plaintiff sent an e-mail to Ms. Arquette on January 20, 2004, which inquired as to his status in the Anti-Terrorist Financing Technical Assistance Task Force.  All remaining allegations of the paragraph are denied.

26. Admit.  Regarding Ms. Arquette's February 1, 2004 response to Plaintiff's e-mail, Ms. Arquette sent a copy to Mr. D. Collins, the same recipient that the Plaintiff had copied on his original January 20, 2004 e-mail to Ms. Arquette.   It was not until approximately one year later, in the course of a conversation with Michael Moran, that Ms. Arquette learned that Mr. Glenn had previously been involved in an EEO case.

27. Defendant admits that Mr. Glenn was a "named plaintiff" in the Conanan class action litigation.  The remaining allegations which consist of  Plaintiff's characterization and opinions as to the extent of his "involvement" in the prosecution of the case and "high level" negotiations are denied.

28. Admitted to the extent that, as referenced in paragraph 26 above, Ms. Arquette responded to Mr. Glenn's January 24, 2004 e-mail on February 1, 2004. Deny all remaining allegations in the paragraph.

29. Defendant repeats and realleges each response contained in paragraphs 1 through 28 above.

30. Denied as to the first sentence in the paragraph. Denied, as to the second sentence. The selectees were the candidates perceived as the most qualified applicants; the age of the candidates was not a consideration in the selection process.

31. Denied.

32. Defendant restates and incorporates by reference each response contained in paragraphs 1 through 31 above.

33. Denied.

34. Denied as to the first sentence.   Admitted, as to the second sentence.

35. Denied.


WHEREFORE, Defendant denies the factual assertions made in Plaintiff's prayer for relief and further denies that Plaintiff is entitled to the relief requested, or to any relief whatsoever. To the extent any allegations of Plaintiff's Complaint, deemed to require a response, have not otherwise been answered by the Defendant, such allegations are denied.

Defendant denies that Plaintiff is entitled to a trial by jury "on question[s] pertaining to the level of damages to be awarded" insofar as that assertion refers to damages, such as back pay, that are considered to be in the nature of equitable relief under Title VII.

Defendant denies that Plaintiff is entitled to trial by jury on the ADEA claim.

WHEREFORE, Defendant requests the Court enter judgment in its favor and against Plaintiff, that the Complaint be dismissed in its entirety with prejudice, that Defendant recover its costs in this action, and for such other relief as may be appropriate.

Respectfully submitted,

_____

Patricia Davison-Lewis
D.C. Bar No. 414378
Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-E6010)
Arlington, VA 22226
(703) 562-2315
(703) 562-2482 (Fax)


Tina Lamoreaux
D. C. Bar  #375762
Dated:  December 14, 2007    Counsel, Legal Division
Federal Deposit Insurance Corporation
3501 N. Fairfax Drive (VS-D6138)
Arlington, VA 22226
(703) 562-2304
(703) 562-2468 (Fax)

7

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on December 14, 2007, I caused a true and correct copy of the

foregoing Answer to be served on Plaintiff, through counsel, by first-class mail, postage prepaid,

addressed as follows:


Hope Purdy, Esq.
Spivak, Lipton, Watanabe, Spivak, Moss & Orfan, LLP
1700 Broadway, 21st Floor
New York, New York  10019



/s/Patricia Davison-Lewis

_____
Patricia Davison-Lewis
Counsel
Federal Deposit Insurance Corporation

8